[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11164
Non-Argument Calendar

_____

D. C. Docket No. 04-00002-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WISSAM TAYSIR HAMMOUD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 2, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Wissam Taysir Hammoud appeals his convictions and 240-month total sentence for (1) retaliation against a witness, in violation of 18 U.S.C. § 1513(a)(1) (count 1); (2) solicitation to commit murder, in violation of 18 U.S.C. § 373(a) (count 3); (3) use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (count 5); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count 13). On appeal, Hammoud argues first that the district court plainly erred in adjudicating him guilty of counts 1 and 13 where the magistrate judge failed to elicit explicit declarations of guilt during the plea colloquy, and second that his sentence appeal waiver was unenforceable and thus we should review his sentencing claim. For the reasons discussed more fully below, we affirm in part and dismiss in part.

A federal grand jury returned a 13-count indictment against Hammoud and he thereafter entered a plea agreement with the government, agreeing to enter guilty pleas to counts 1, 3, 5, and 13 in exchange for the government's dismissal of the remaining counts. The plea agreement contained the following sentence appeal waiver:

> . . . the defendant . . . expressly waives the right to appeal defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the indictment, was not admitted by the defendant, was not found by a jury, was not found beyond a reasonable doubt, or was found based

2

upon evidence not admissible under the Federal Rules of Evidence, and on any other ground, including the applicability of the "safety valve" provisions . . . except in the following situations: (a) an upward departure by the sentencing judge; (b) a sentence above the statutory maximum; or (c) a sentence in violation of other law apart from the sentencing guidelines . . . [and] if the government exercises its right to appeal the sentence . . . defendant is released from this waiver and may appeal the sentence . . . .

At the plea colloquy, the magistrate began by stating to Hammoud that,

it is my understanding that you want to plead guilty to certain counts of the superseding indictment. Specifically, Counts 1, 3, 5, and 13. Count 1 charges you with retaliating against a witness. Count 3 charges you with solicitation of commit murder. Count 5 charges you with use of a firearm during a crime of violence. And Count 13 charges you with possession of firearm by a convicted felon.

The magistrate then inquired into Hammoud's mental health. Hammoud indicated that he did not feel confused and that he understood the roles of the court, his counsel, and the prosecutor. Also, Hammoud's counsel stated that, based upon their significant interactions, Hammoud appeared coherent, and understood the nature and consequences of the proceedings.

The magistrate went on to discuss the plea agreement with Hammoud. The magistrate stated that, "[y]our plea agreement calls for you to, as I said at the beginning, enter pleas of guilty to Counts 1, 3, 5, and 13." Hammoud indicated that he had read the factual basis, as provided in the plea agreement, and that those facts were correct. The magistrate also reviewed the penalties that Hammoud

3

faced as to each count to which he planned to plead guilty. The magistrate further

reviewed the appeal of sentence waiver that was included in the plea agreement:

> Magistrate: . . . you are limiting your right to take an appeal. Ordinarily you have the right to appeal to the Eleventh Circuit Court of Appeals. And you could appeal your sentence if the judge here imposed a sentence in violation of the law, or incorrectly applied your Sentencing Guidelines, or gave you a sentence more severe than what your guideline range called for. This plea agreement, this paragraph, changes that. Now you are limiting your right to take an appeal, and only can appeal in certain circumstances. For example, an upward departure by the sentencing judge, a sentence above the statutory maximum, a sentence in violation of the law apart from the Sentencing Guidelines, or if the judge departs upward then - - excuse me. If the Government appeals, then you can appeal. I apologize. So unless one of these events occurs, you are limiting or giving up your right to take an appeal. Do you understand this?
>
> Hammoud: Would you repeat that again?
>
> Magistrate: Sure. This paragraph limits your right to take an appeal. You can only appeal now in certain circumstances. Those are set forth on Page 17. (A) an upward departure by the sentencing judge. (B) a sentence above the statutory maximum. I just recited to you what the statutory maximums were for each count of the counts that you are pleading guilty to. A sentence in violation of the law apart from the Sentencing Guidelines. Or if the Government appeals, then you can appeal. So, unless one of these events occurs, you are waiving your right to take an appeal. Do you understand this?
>
> Hammoud: Yes, Your Honor.

The magistrate additionally informed Hammoud that he had a right "to take [his]

case to trial and to have a jury trial, to require the Government to prove to that jury

and to its unanimous satisfaction beyond a reasonable doubt your guilt in this

4

case."

The magistrate next reviewed the counts of Hammoud's indictment to which he wished to plead guilty. After informing Hammoud of the elements of count one, the charge of retaliation against a witness, the magistrate inquired of Hammoud as follows:

Magistrate: Do you understand what you are charged with in Count 1?

Hammoud: Yes, Your Honor.

Magistrate: Did you, sir, take steps which show an intent on your part that you wanted a witness or law enforcement officer killed as charged?

Hammoud: Yes, Your Honor.

Magistrate: Did you do this with the intent to either retaliate against that person because that person was a witness in your proceeding, or because that witness had provided information to law enforcement about your proceeding?

Hammoud: Yes, Your Honor.

The magistrate then reviewed the charge as specified in count three, solicitation to commit murder. As to count three, the magistrate asked how Hammoud pleaded, to which Hammoud responded, "Guilty." The magistrate went on to review the elements of count five, using a firearm during a crime of violence. Hammoud indicated that he pled guilty to count five. The magistrate lastly informed Hammoud of the elements of count 13, possession of a firearm by a convicted

5

felon. The magistrate then had the following exchange with Hammoud regarding count 13:

> Magistrate: Did you, sir, possess the 357?
>
> Hammoud: Yes.
>
> Magistrate: Did you possess this knowingly?
>
> Hammoud: Yes, Your Honor.
>
> Magistrate: And the Government would be able to prove that that 357 was transported [in] interstate commerce.
>
> Hammoud: It is manufactured outside the State of Florida, yes.
>
> Magistrate: Connecticut, I believe?
>
> Hammoud: I think Massachusetts.

The magistrate thus found that Hammoud was "fully competent and capable of entering an informed plea, and that [his] plea of guilty is a knowing and voluntary one supported by a[n] independent basis in fact containing each of the essential elements of the offense."

The magistrate thereafter recommended to the district court that Hammoud's plea of guilty to counts 1, 3, 5, and 13 be accepted by the court. The parties filed no objections to the magistrate's recommendation. The district court accepted Hammoud's guilty plea and adjudged him guilty of the offenses listed in counts 1, 3, 5, and 13 of the superseding indictment. Prior to sentencing, Hammoud moved

6

for a downward departure pursuant to U.S.S.G. § 5K2.13, arguing that he suffered from a significantly reduced mental capacity that contributed "to the commission of the offenses to which he pled guilty." At sentencing, the district court denied the motion for downward departure. The court sentenced Hammoud to 180 months' imprisonment for counts 1 and 3, and 120 months' for count 13, to run concurrently, followed by a consecutive 60 months' for count 5, resulting in a total sentence of 240 months' imprisonment.

## A. Plea

Hammoud argues on appeal that the district court plainly erred in accepting the magistrate's recommendation to adjudge Hammoud guilty on counts 1 and 13 because he did not enter knowing and voluntary pleas of guilty to those offenses. Hammoud contends that the error was compounded by the magistrate's failure to inform him of his right to persist in his plea of not guilty. He also argues that his substantial rights were prejudiced by the error in that the forfeiture of his trial rights was a clear violation of his right to due process of law. He lastly maintains that, because counts 3 and 5 included as essential elements offenses charged in counts 1 and 13, the magistrate's failure to obtain explicit pleas of guilty to counts 1 and 13 tainted his pleas as to counts 3 and 5. Hammoud thus requests that the court's judgment and sentence be vacated so as to allow him to plead anew.

7

Hammoud did not raise the issue of a Federal Rule of Criminal Procedure 11 error in the district court, and, thus, we review the issue for plain error. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003) (holding that, when a defendant fails to object to a Rule 11 error, this Court employs the plain error standard of review). "Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affect[s] substantial rights." Id. (quotations omitted) (alteration in original). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quotations omitted) (alteration in original). "Further, in the Rule 11 context, the reviewing court may consult the whole record when considering the effect of any error on substantial rights." Id. at 1350 (quotation omitted).

Rule 11 requires that, before accepting a defendant's guilty plea, the court must inquire into whether the defendant makes the plea knowingly and voluntarily. Fed.R.Crim.P. 11(b)(2). In accepting a guilty plea, the court must "specifically address three core principles, ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019

(11th Cir. 2005).  To ensure that the core concerns are met, Rule 11 lists matters about which the court must inquire during the plea colloquy, including, "the right to plead not guilty, or having already so pleaded, to persist in that plea."  Id.; Fed.R.Crim.P. 11(b)(1)(B).  However, Rule 11 does not require that the defendant explicitly recite the plea of "guilty" before the court may accept the plea.  See Fed.R.Crim.P. 11; see also Moriarty, 429 F.3d at 1019-20 (explaining that, while we prefer that a district court obtain an explicit recitation of either "guilty" or "not guilty" from the defendant during a Rule 11 hearing, the failure to do so does not preclude us from holding, based upon the substance of the hearing, that the defendant knowingly and voluntarily pleaded guilty).

Here, the record reflects that the magistrate's inquiry into Hammoud's plea satisfied the three core concerns of Rule 11, as evidenced by the following: (1) the magistrate twice stated at the beginning of the plea hearing that Hammoud wished to plead guilty to counts 1, 3, 5, and 13 of his superseding indictment; (2) Hammoud indicated that he was not confused and that he understood the proceedings; (3) Hammoud indicated that he had reviewed the factual basis for the charges, as set forth in his plea agreement, and that those facts were correct; (4) the magistrate reviewed the penalties applicable to each count; and (5) the magistrate reviewed in detail each count and informed Hammoud of all the elements of each

9

count.

As to Hammoud's specific challenges to his plea to counts 1 and 13, Hammoud correctly asserts that the magistrate did not elicit an explicit declaration of Hammoud's guilty plea. As noted above, however, such a failure does not necessarily render Hammoud's plea involuntary. See Moriarty, 429 F.3d at 1019-20. The magistrate completely described each count to Hammoud, along with the elements required to prove each offense, and specifically asked Hammoud if he committed those elements. Moreover, the record does not indicate, nor does Hammoud argue on appeal, that there was any evidence suggesting that Hammoud intended to plead other than guilty to counts 1 and 13. Thus, the magistrate's failure to elicit an express plea of guilty as to counts 1 and 13 was not plain error. As such, Hammoud's claim that the error also tainted his pleas to counts three and five similarly fails.

Lastly, as to Hammoud's argument that the magistrate also erred in failing to inform him of his right to persist in his plea of not guilty, the record does not support his allegation. According to the record, the magistrate informed Hammoud of his right "to take [his] case to trial and to have a jury trial, to require the Government to prove to that jury and to its unanimous satisfaction beyond a reasonable doubt your guilt in this case." That statement necessarily implied that

10

Hammoud had the right to persist in his plea of not guilty. There is no indication in the record, nor does Hammoud argue, that he did not understand that information or that, had the magistrate explicitly stated that he retained his right to persist in his not guilty plea, he would not have entered pleas of guilty. See Fed.R.Crim.P. 11(h) ("A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights). Moreover, even assuming that the magistrate had failed to sufficiently inform Hammoud of his right to persist in his not-guilty plea, that error alone is not structural, such that it would require reversal regardless of its effect on the proceeding. See United States v. Dominguez-Benitez, 542 U.S. 74, 81 n.6, 124 S.Ct. 2333, 2339 n.6, 159 L.Ed.2d 157 (2004) (explaining that a district court's failure to inform a defendant, as required in Rule 11(c)(3)(B), that, if the court failed to accept the government's recommendation in the plea agreement, he had no right to withdraw his plea, did not alone amount to a structural error that would require reversal regardless of the error's effect on the proceeding). Accordingly, the district court did not plainly err in accepting the magistrate's recommendation that Hammoud's guilty plea to counts 1, 3, 5, and 13 of his superseding indictment was knowing and voluntary.[1]

---

[1]Even assuming without deciding that the magistrate plainly erred in failing to elicit an explicit declaration of Hammoud's guilty pleas to counts 1 and 13, Hammoud did not establish that his substantial rights were affected by the alleged error. See Monroe, 353 F.3d at 1349. Hammoud did not argue, nor does the record reflect, that, but for the error, he would not have

**B. Sentence Appeal Waiver**

Hammoud argues that he did not validly waive his right to appeal his sentence because the magistrate's explanation of the appeal waiver, as it was included in the plea agreement, was inadequate in light of Hammoud's prior brain injury and mental incapacity. Hammoud contends that a more detailed and direct inquiry into his understanding of the appeal waiver was warranted.

We review de novo whether a defendant knowingly and voluntarily waived his right to appeal his sentence. United State v Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). We will enforce an appeal waiver "if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied, 544 U.S. 1041

---

pled guilty. Moriarty, 429 F.3d at 1020 (holding that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea") (quotation omitted). Furthermore, Hammoud did not contend that the magistrate's alleged error was structural such that it requires reversal regardless of the error's affect on his substantial rights. See Dominguez-Benitez, 542 U.S. at 81 n.6, 124 S.Ct. at 2339 n.6. In his reply brief, Hammoud asserts that it is illogical for him to be required to show that, but for the error, he would not have pled guilty, because he never entered a guilty plea in the first instance. This argument amounts to an attempt to circumvent the requirement of plain error review that a defendant show that the error affected his substantial rights. Moreover, even in making this argument, Hammoud has yet to assert that he did not actually intend to plead guilty to counts 1 and 13.

(2005) (quotation omitted) (emphasis in original).

The magistrate specifically questioned Hammoud about the sentence appeal waiver that was included in his plea agreement. The magistrate first informed Hammoud that he was limiting his right to appeal and explained to Hammoud the circumstances in which he could appeal, as those circumstances were detailed in the plea agreement. The magistrate explained that, unless those circumstances occurred in his case, he could not appeal his sentence. Hammoud then asked the magistrate if he would repeat that information. The magistrate again indicated that Hammoud's appeal rights would be limited and further detailed the circumstances within which Hammoud could take an appeal. The magistrate inquired whether Hammoud understood the explanation and Hammoud responded in the affirmative. Hammoud did not request further explanation from the magistrate with regard to the appeal waiver.

Given this detailed exchange between the magistrate and Hammoud, the record demonstrates that the magistrate specifically questioned Hammoud about the waiver, and, thus, Hammoud's waiver was valid. See Grinard-Henry, 399 F.3d at 1296. This is especially true in light of the fact that Hammoud did not further inquire into the meaning of the appeal waiver, even where he felt comfortable asking the magistrate to repeat the explanation, and where Hammoud conceded at

the beginning of the hearing that he was not confused and that he understood the nature of the proceedings. Therefore, the only remaining inquiry is whether a challenge to the district court's denial of Hammoud's motion for downward departure is prohibited by the appeal waiver. According to the waiver as set forth in the plea agreement, Hammoud "expressly waive[d] the right to appeal [his] sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional . . . and on any other ground." Hammoud's challenge to the court's denial of his request for a downward departure amounts to a challenge of the court's application of the sentencing guidelines, and, thus, is not permitted by the terms of his appeal waiver. Accordingly, we do not reach the merits of Hammoud's sentencing argument because it is prohibited by his valid appeal waiver.

The district court did not plainly err in accepting the magistrate's recommendation to adjudge Hammoud guilty in light of his guilty plea. Furthermore, Hammoud knowingly and voluntarily waived his right to appeal the district court's denial of his motion for downward departure. Based upon the foregoing, we affirm Hammoud's convictions and dismiss his sentence appeal.

**AFFIRMED IN PART, DISMISSED IN PART.**

14