Paul Edward JULIAN *v.* STATE of Arkansas

89-11                                           767 S.W.2d 300

Supreme Court of Arkansas
Opinion delivered March 27, 1989

*Maxie G. Kizer*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal of a burglary conviction. Paul Edward Julian, the appellant, contends he should not have been convicted of burglary because the building

he was charged with entering for the purpose of committing theft was not an "occupiable structure" as defined by Ark. Code Ann. § 5-39-201(a) (1987). We find that the structure, which was a twelve by fifty-five foot "trailer" or mobile home was an occupiable structure, and thus the conviction is affirmed.

Julian and two others were found by the owner of the trailer, Johnny Davis, in the process of removing items such as door knobs, brass water faucets, and bathroom faucets from the trailer. The trailer was one of a number of trailers located together. The other trailers were rented by Davis to tenants as dwellings. The one in which Davis found Julian was not and had not previously been rented but was used as place for storage of items used by Davis in his business, such as aluminum window frames and door knobs. Davis testified that he had never set the trailer up for occupancy by attaching utilities, although it contained a bathroom, kitchen, and bedroom.

Section 5-39-201(a) provides: "A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark. Code Ann. § 5-39-101 (1987) gives three definitions of "occupiable structure" as a vehicle, building, or other structure:

(A) Where any person lives or carries on a business or other calling; or

(B) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

(C) Which is customarily used for overnight accommodation of persons whether or not a person is actually present. Each unit of an occupiable structure divided into separately occupied units is itself an occupiable structure.

The appellant cites no cases or other authority helpful in interpreting the statute. His sole argument is that the state proved only that Julian was guilty of the lesser included offense of breaking or entering, as that offense is defined in Ark. Code Ann. § 5-9-202 (1987), and thus should have been given a lesser sentence. His contention is that the trailer was a building which was not occupiable. We disagree and hold the trailer fell within

the definition found in § 5-39-101(C).

Among the definitions of the word "customary" in Webster's Third International Dictionary (Unabridged, 1968) is the following: "commonly practiced, used or observed." We have no doubt that it is a common practice for persons to be in mobile homes overnight.

■ In *Barksdale* v. *State*, 262 Ark. 271, 555 S.W.2d 948 (1977), it was contended that breaking into the Baptist Student Union at the University of Arkansas at Pine Bluff at night when no one was present was not burglary because it was not an occupiable structure at the time the entry occurred. We held the structure was occupiable and wrote:

> Under the statutory definition of 'occupiable structure,' whether anyone is physically occupying the structure is irrelevant. The determinative factor is the nature of the premise, that is, not whether it was *occupied* at the time of the crime, but rather whether it was *occupiable* [emphasis in original, 262 Ark. at 274, 555 S.W.2d at 950].

Just as the definition of "occupiable" does not depend on the presence of a person in a building, it does not depend on whether it is being used for some other purpose as long as "the nature of the premise" is that it is "occupiable." A mobile home or trailer of the sort described in the testimony here is a premise the nature of which is occupiable.

■ The obvious reason for the distinction between our burglary and breaking and entering statutes is the intent of the general assembly to punish burglary more severely because it involves entering a place where people, as opposed to mere property, are likely to be. *Barksdale* v. *State, supra*. The appearance of the trailer in question was apparently distinguishable from that of the other trailers rented as dwellings only by the fact that it was numbered "8." The building was thus one in which a person planning to enter could have anticipated finding a person or persons, absent any evidence that the trailer was uninhabitable, and thus entering it could have endangered human life or health. It was the sort of building to which the burglary statute was intended to apply.

Affirmed.

GLAZE, J., concurs.

PURTLE, J., dissents.

TOM GLAZE, Justice, concurring. I concur. As noted in the majority opinion, Ark. Code Ann. § 5-39-201(a) (1987) provides that a person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Code Ann. § 5-39-101(1)(A) (1987) defines "occupiable structure" as a building or structure where any person lives or *carries on a business* or other calling.

In *Barksdale v. State*, 262 Ark. 271, 555 S.W.2d 948 (1977), this court explained the term "occupiable structure" by saying that whether anyone is physically occupying the structure is irrelevant; the determinative factor is the nature of the premises, that is, not whether it was occupied at the time of the crime, but rather, whether it was occupiable. In the present case, the issue is whether Mr. Davis used the trailer—which appellant unlawfully entered to commit theft—to carry on his business. Clearly, the answer is yes. The appellant and others broke into the trailer which was owned by Davis and used by him as a storage facility for his business. Davis testified that he operated a business as a maintenance person for the Federal Home Administration and that he stored windows, doorknobs and other things in the trailer as a part of his business. The fact that Davis was not inside the trailer at the time the appellant and others actually entered it is of no relevance.

For the foregoing reasons, I would affirm the trial court.

JOHN I. PURTLE, Justice, dissenting. The majority opinion is nothing less than judicial legislation. The crimes of burglary and breaking or entering have previously been clearly established by the General Assembly and may be found at Ark. Code Ann. §§ 5-39-201(a) and 5-39-202(a) (1987). These two laws, as written, are perfectly compatible and fairly easy to understand, or were until today.

Burglary is defined as occurring when "a person enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." On the other hand, "a person commits the

offense of breaking or entering if for the purpose of committing a theft or felony he enters or breaks into any building, structure, vehicle, vault, safe . . . ." Obviously a "structure" as mentioned in the burglary statute includes a mobile home if it is occupiable. At the same time it is obvious that the breaking or entering statute applies to a mobile home if it is not occupiable. The distinction between breaking and entering and burglary is determined by the facts of each case.

At common law and under our earlier statutory law, the offense of burglary was designed to prohibit the invasion of premises under circumstances likely to inspire terror or constitute a physical threat to the safety of other persons. Historically the offense of burglary consisted of *breaking* into or *entering*, at *nighttime*, the *dwelling* of *another*, with the *intent to commit a felony*. The earlier statutory laws defining burglary required a breaking or entering of a *dwelling*. Burglary laws are designed primarily to protect people and secondarily to protect property. Breaking or entering laws have always been directed at crimes against property.

This court considered what acts were necessary to constitute burglary under the present law in *Barksdale* v. *State*, 262 Ark. 271, 555 S.W.2d 948 (1977). At that time burglary was defined in Ark. Stat. Ann. § 41-2002 (Repl. 1977). There has been no change in the law since *Barksdale* was decided. The opinion stated:

> Under the statutory definition of 'occupiable structure,' whether anyone is physically occupying the structure is irrelevant. The determinative factor is the nature of the premise[s], that is, not whether it was *occupied* at the time of the crime, but rather whether it was *occupiable*. The fact the building was used for social activities, religious sessions, and classroom meetings clearly demonstrated that the building was an "occupiable structure." Thus there was no issue on this point to go to the jury. [Emphasis in original.]

The foregoing quotation is a common and ordinary interpretation of the phrase "occupiable structure." Certainly a mobile home used as a residence and having a room for storage would be an occupiable structure. Even a storage unit with a portion of it

occupiable would still meet the definition of occupiable structure. However, a building used exclusively for storage is clearly not an occupiable structure within the meaning of this provision of the code. The facts related in the majority opinion clearly establish that this structure was not an occupiable one.

According to the express words of the present code an "occupiable structure" means a vehicle, building, or other structure where any person lives or carries on a business or where people assemble for some purpose or which is customarily used for the overnight accommodation of persons. The acts ascribed to the appellant in the present case simply did not occur in an occupiable structure. It would be painful indeed to see this court caught up in the hysteria of anti-crime paranoia by dividing every criminal act into as many offenses as possible and to mete out the utmost punishment under each element of the offense. I would much prefer that this body stand back and evaluate the law and the facts as each case comes before it.

We ought not to blindly accept the assertion by the state that this is an occupiable structure simply because the state said it was in the information. Sometimes the state argues merely to fulfill its "presumed" obligation. Just because the state says something is so does not make it so. It should be the goal of the state to imprison the guilty and free the innocent. No one pretends that only the guilty are charged. Sometimes the innocent suffer as a result of our criminal justice system. One of our goals should be to eliminate such instances of injustice. However, in doing so we should be careful not to create more. I cannot condemn the appellant for not offering some authority on his behalf. Obviously, the reason no authority was cited is that we have not heretofore reached the outer fringes of statutory and common law construction. Under these circumstances there is no precedent to quote. Now, alas, there will be.

Since both statutes make it an offense to break into a structure it is obvious that only one statute is needed if we are going to allow the word "structure" to be used as the state sees fit. Fair minded men can only conclude that the statute as it exists today requires that for a person to commit the offense of burglary, there must be an entry into an "occupiable structure" with the purpose of committing a crime punishable by imprisonment. This

phrase by its own terms clearly means a place where people sometimes assemble or where people reside. By no stretch of the imagination can it be said that the structure in this case was an occupiable one, if we give the word its plain meaning. There is no evidence that anyone other than the owner ever visited this property, except for the thieves. The majority opinion in effect gives the prosecuting attorney his choice of charging a person with burglary or breaking or entering. I do not believe it was the intent of the legislature to confer such power upon the state's agent. If, however, it can be said that this was the intent of the legislature, then I am of the opinion that such unbridled discretion is violative of the United States Constitution.