# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3160

_____

Cody Joseph Diaz

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 10, 2017
Filed: July 10, 2017

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Cody Joseph Diaz carried a sawed-off shotgun into a liquor store, firing a round as he entered the store that passed through a wall and shattered a mirror in the gym next door where two people were working out. Diaz ordered the store clerk to empty the cash register and left the store with $600 cash and several bottles of liquor. Police officers soon arrived. Diaz dropped the money and ran, tossing the shotgun into a snowbank. He fled to a nearby rooftop where the officers took him into

custody. A grand jury charged that Diaz "did knowingly use, carry and discharge a firearm . . . during and in relation to a crime of violence . . . specifically, the armed robbery of J's Liquors," in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Diaz pleaded guilty. In February 2012, the district court[1] sentenced him to ten years in prison, the mandatory minimum sentence "if the firearm is discharged." Diaz did not appeal.

In June 2016, Diaz filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. To avoid the one-year statute of limitations, Diaz claimed that the right to have his § 924(c) sentence vacated was initially recognized by the Supreme Court's retroactive decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which declared unconstitutional the "residual clause" in § 924(e)(2)(B)(ii), part of the Armed Career Criminal Act's definition of the term "violent felony." The district court denied the motion but issued a certificate of appealability because of uncertainty regarding whether the ruling in <u>Johnson</u> applies to § 924(c) sentence enhancements. Diaz appeals. Reviewing this issue of law *de novo*, we affirm.

As applied to Diaz's offense, § 924(c)(1)(A)(iii) provides that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." "Crime of violence" is defined in § 924(c)(3) as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Diaz's indictment charged him with committing Hobbs Act Robbery, 18 U.S.C. § 1951(a), as the crime of violence. The Hobbs Act defines robbery to include "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . . to his person or property." § 1951(b).

On appeal, Diaz argues that the "substantial risk" provision in § 924(c)(3)(B) is similar to the residual clause at issue in Johnson and therefore is unconstitutionally vague. After the district court denied Diaz's § 2255 motion, we joined the majority of circuits that have addressed this question and held "that Johnson does not render § 924(c)(3)(B) unconstitutionally vague." United States v. Prickett, 839 F.3d 697, 700 (8th Cir. 2016), petition for cert. filed, No. 16-7373 (Dec. 30, 2016).[2]

The Supreme Court has granted certiorari to determine whether Johnson affects the validity of 18 U.S.C. § 16(b), a statute with language similar to § 924(c)(3)(B). Lynch v. Dimaya, 137 S. Ct. 31 (2016), granting review of Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015). But we conclude the Court's decision in Dimaya will not affect Diaz's appeal. Even if § 924(c)(3)(B) is unconstitutionally vague after Johnson, Diaz's claim for § 2255 relief is timely only if Johnson also invalidates the use-or-threatened-use-of-force clause in § 924(c)(3)(A). No circuit court has held

---

[2]Accord United States v. Davis, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017), petition for cert. filed, No. 16-8997 (May 5, 2017); United States v. Hill, 832 F.3d 135, 145-50 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016), petition for cert. filed, No. 16-6392 (Oct. 12, 2016); contra United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016).

that <u>Johnson</u> cast doubt on the validity of statutes that enhance the punishment for crimes involving the use of force. <u>Cf.</u> <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 8-11 (2004).

Diaz argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). We reject that contention. Like other circuits, we have expressly held that "Hobbs Act robbery has 'as an element the use, attempted use, or threatened use of physical force against the person of another,'" the operative term in § 924(c)(3)(A). <u>United States v. House</u>, 825 F.3d 381, 387 (8th Cir. 2016) (citation omitted), <u>cert. denied</u>, 137 S. Ct. 1124 (2017). That decision is binding on our panel, as is <u>Prickett</u>.

The district court's Amended Order and Judgment dated July 19, 2016 is affirmed.

_____