In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-3476

TRACY D. SHIPMAN,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 16 C 50016 — **Philip G. Reinhard**, *Judge.*

ARGUED FEBRUARY 22, 2019 — DECIDED JUNE 5, 2019

Before RIPPLE, MANION, and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Tracy Shipman appeals the district court's denial of his petition for collateral postconviction relief under 28 U.S.C. § 2255. When Shipman pleaded guilty to drug charges in 2003, the district court sentenced him under the then-mandatory Sentencing Guidelines. Because Shipman had three prior "crime of violence" felony convictions, the district court sentenced him as a "career offender."

U.S.S.G. § 4B1.1 (2002).[1] The career-offender provision of the Guidelines defined a "crime of violence" in U.S.S.G. § 4B1.2(a)(1)–(2). Two passages in that guideline are at issue here: the enumerated-offenses clause, and the residual clause.

On appeal, Shipman argues the Guidelines' residual clause is unconstitutionally vague. We agree, a conclusion that follows directly from our decision in *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018). Indeed, *Cross* abrogated the rationale supporting the district court's dismissal of Shipman's petition for collateral relief. With that issue resolved, the case hits a snag: the record does not conclusively show whether Shipman was sentenced under the residual clause or the enumerated-offenses clause. We therefore remand this case for further proceedings on the merits of Shipman's § 2255 petition.

## I. BACKGROUND

Because *Cross* was decided nearly seven months after the district court issued its dismissal order, we summarize the facts and proceedings in this case only to the extent necessary to address the issues presented on appeal.[2]

Shipman pleaded guilty in 2003 to conspiring to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846 (2000). His presentence report used the 2002 Sentencing Guidelines Manual, which at that time required

---

[1] Unless otherwise noted, all references to the Guidelines are to the 2002 United States Sentencing Guidelines Manual.

[2] The district court issued its dismissal order on November 20, 2017. Shipman filed a timely notice of appeal on December 5, 2017. *Cross* was decided on June 7, 2018, while Shipman's appeal was pending.

district courts to increase the offense level of a "career offender." U.S.S.G. § 4B1.1. A defendant qualifies as a career offender if: (1) the defendant was at least 18 at the time of the instant offense of conviction; (2) the offense of conviction is a "crime of violence or controlled substance offense"; and (3) the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1.

When Shipman was sentenced in 2003, the Guidelines' career-offender provisions defined a "crime of violence" (in relevant part) as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a)(2) (emphasis added). Subsection (2) contains both the "enumerated-offenses clause" (non-italicized text) and the "residual clause" (italicized text).

The probation officer calculated a Guidelines sentencing range of 262 to 327 months' imprisonment, based in part on Shipman's designation as a career offender. Shipman's age (35 years) and this drug charge supplied the first and second predicates for the career-offender designation. His three prior Arkansas convictions for "residential burglary" in 1986 and 1987 satisfied the third predicate. Shipman did not object to the report's career-offender designation or suggested

sentencing enhancement. The district court adopted the presentence report's findings and calculations, classified Shipman as a career offender, and sentenced him to 262 months' imprisonment. Neither the presentence report nor the district court explained whether Shipman's career-offender designation rested on the enumerated-offenses clause or the residual clause.

A succession of Supreme Court decisions followed Shipman's sentencing. First, the Supreme Court rendered the Guidelines "effectively advisory" in *United States v. Booker*, 543 U.S. 220, 245 (2005). About a decade later the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2257, 2563 (2015).[3] Then, in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that *Johnson* applied retroactively on collateral review. Within one year of the Supreme Court's decision in *Johnson*, Shipman petitioned for relief under § 2255.

At this point, a word on § 2255 procedure is helpful. Section 2255(f)(1) establishes a "1-year period of limitation" within which a federal prisoner may file a motion to vacate, set aside, or correct a sentence. In most cases, the one-year period begins to run when the judgment becomes final. Shipman invokes § 2255(f)(3), which sets a one-year filing deadline for postconviction relief starting from "the date on which the right asserted was initially recognized by the

---

[3] *See Johnson*, 135 S. Ct. at 2564 (citing 18 U.S.C. § 924(e)(2)(B)(ii) (2012) (ACCA residual clause) (counting as a violent felony any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another")). The ACCA's residual clause used identical language as employed in U.S.S.G. § 4B1.2(a)(2).

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Shipman argued the Supreme Court's decision in *Johnson* recognized the right he asserted in his petition: to be resentenced because a vague residual clause fixed his term of imprisonment. Shipman's petition, however, was not limited to a residual clause challenge—he claimed his drug sentence was improperly enhanced under the residual clause *and* enumerated-offenses clause of the Guidelines' career-offender provisions.

Shipman's residual clause challenge was straightforward: a sentence under the Guidelines' residual clause is unconstitutional because that clause is identical to the ACCA's residual clause stricken in *Johnson*. Shipman's second claim—that his burglary convictions do not qualify as predicate offenses under the Guidelines' enumerated-offenses clause—was more intricate, relying on a chorus of additional Supreme Court decisions.

Those arguments made, Shipman's case was put on hold while multiple cases worked their way through the courts, among them *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held *Johnson* does not apply to sentences enhanced under post-*Booker* advisory Guidelines. *Id.* at 895.

After *Beckles*, the district court lifted the stay and signaled its intent to deny Shipman's petition. The court observed that "following *Beckles*, there appears to be no legal basis" for Shipman's void-for-vagueness challenge under *Johnson*, but it offered Shipman an opportunity to respond. Shipman argued

*Beckles* applied only to prisoners sentenced under the advisory Guidelines (post-*Booker*), not the mandatory Guidelines (pre-*Booker*).

Shipman failed to persuade the district court, which denied Shipman's petition as untimely. That court ruled a defendant may rely on § 2255(f)(3) for timeliness purposes only "if the defendant's entitlement to relief … is so evident that it can no longer be considered an 'open question.'" In the district court's view, after *Beckles* it remained an open question whether *Johnson's* reasoning extends to the pre-*Booker* mandatory Guidelines.[4] From that premise, the district court concluded *Johnson* did not commence a one-year limitation period, making Shipman's petition untimely under § 2255(f)(1). In concluding the petition was time-barred, the district court did not reach the merits of Shipman's claims.

Although the district court dismissed Shipman's petition as untimely, it granted him a certificate of appealability on the issue.

## II. DISCUSSION

We review the district court's denial of Shipman's § 2255 petition de novo. *D'Antoni v. United States*, 916 F.3d 658, 662 (7th Cir. 2019). Because Shipman filed his petition more than one year after his judgment became final, he must show the Supreme Court has "recognized" a new right to obtain

---

[4] *See also Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in judgment) (observing that *Beckles*' holding leaves open the question whether pre-*Booker* Guidelines can be challenged for vagueness under due process principles).

postconviction relief. § 2255(f)(1), (3). Shipman again points to *Johnson*, and justifiably so.

While Shipman's appeal was pending, this court decided *Cross*, which held: "Under *Johnson*, the guidelines residual clause is unconstitutionally vague insofar as it determined mandatory sentencing ranges for pre-*Booker* defendants." 892 F.3d at 291. A petition challenging a career-offender enhancement under the mandatory Guidelines' residual clause is timely under § 2255(f)(3) if it was filed within one year of *Johnson*. *Id*. at 294. Because Shipman met that deadline, his petition was not untimely.

We next assess whether we can resolve this case on the merits. A prisoner is entitled to a hearing on a § 2255 claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief … ." § 2255(b). In other words, Shipman gets a hearing unless the record before us conclusively establishes he is not entitled to relief. First, we address Shipman's residual clause challenge, and then turn to his challenge of a sentencing enhancement under the enumerated-offenses clause.

Shipman contends that, after *Johnson* and *Cross*, his Arkansas burglary convictions no longer fit under the Guidelines' residual clause. The government objects, arguing the district court classified Shipman's burglary convictions as crimes of violence under the enumerated-offenses clause, not the residual clause. Even if classified under the residual clause, the government asserts Shipman failed to raise a void-for-vagueness challenge when sentenced in 2003, and so procedurally defaulted on this claim. We start with the government's procedural default objection.

In *Cross*, we held petitioners sentenced under the Guidelines' residual clause (in its mandatory form) can demonstrate the requisite cause and prejudice to excuse procedural default. *Cross*, 892 F.3d at 294–96. Thus, if Shipman's burglary convictions were classified under the residual clause, the government's procedural default objection cannot stand under *Cross*.

As for Shipman's claim, *Johnson* and *Cross* are of no help to him unless he was sentenced under the residual clause. Section 2255(f)(3) does not require Shipman to prove at the outset that *Johnson* applies to his situation. *Cross*, 892 F.3d at 293–94 (holding an alternative interpretation of § 2255(f)(3) "improperly reads a merits analysis into the limitations period"). That said, neither *Johnson* nor *Cross* cleared a path to challenge every sentence under the mandatory career-offender Guidelines. *See Sotelo v. United States*, No. 16-4144, 2019 WL 1950314, at *6 (7th Cir. May 2, 2019). Shipman must still "claim the benefit of a right that the Supreme Court has recently recognized." *Cross*, 892 F.3d at 294. "Under *Johnson*, a person has a right not to have his sentence dictated by the unconstitutionally vague language of the mandatory residual clause." *Id*. So Shipman must assert precisely that right for *Johnson* and *Cross* to apply.

In any event, we cannot make that determination because the district court never reached the issue. At Shipman's sentencing, the district court made no mention whether the burglary convictions rested on the enumerated-offenses clause or the residual clause. Shipman's presentence report is similarly unavailing. Although the report concludes Shipman is a career offender under § 4B1.1, the report neither cites § 4B1.2(a)(2) nor explains which career-offender provision

was applied. Without knowing which provision the district court relied on to classify Shipman as a career offender, we cannot assess the merits of Shipman's claim under *Johnson* and *Cross*.

Shipman's second claim—that his Arkansas burglary convictions do not qualify under Guidelines' enumerated-offenses clause—presents more detailed factual and legal questions. His argument takes aim at the Arkansas burglary statute in effect when he was convicted in 1986 and 1987, arguing it does not qualify for federal sentencing enhancements.

A state crime may qualify as a predicate conviction for federal sentencing purposes "only if the elements of the state crime mirror, or are narrower than, the elements of the generic crime." *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018) (citation omitted). When Shipman was sentenced, the enumerated-offenses clause listed "burglary of a dwelling" as one of several offenses constituting a crime of violence under the Guidelines' career-offender provisions. § 4B1.2(a)(2). The Supreme Court defines "generic burglary" as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). The Arkansas burglary statute, however, included vehicles as "occupiable structures." *See Julian v. State*, 298 Ark. 302, 303 (1989) (citing Ark. Code Ann. § 5-39-101 (1987)). Because the Arkansas burglary statute included vehicles, Shipman argues it was not generic and therefore does not qualify as a crime of violence.[5]

---

[5] Shipman cites a series of Supreme Court decisions to support this proposition: *United States v. Stitt*, 139 S.Ct. 399 (2018) (addressing the scope

The government responds that all viable bases for Shipman to attack a career-offender designation under the enumerated-offenses clause were available at sentencing and within the one-year limitations period of § 2255(f)(1). The government also argues there has been no change in the law since then to justify Shipman's reliance on § 2255(f)(3). But in this case, without an explanation of the career-offender designation, it is unclear how Shipman could object to that categorization.

Although this appeal has narrowed the issues, the record does not "conclusively show" that Shipman "is entitled to no relief" on his claims, so remand is warranted for further findings on these questions. 28 U.S.C. § 2255(b). Given the state of the record, we express no opinion on the merits of Shipman's claims, reserving that for the district court to evaluate and decide in the first instance.

### III. CONCLUSION

Because our decision in *Cross* negates the underpinnings of the district court's dismissal, we VACATE the district court's order dismissing Shipman's petition and REMAND the case to the district court for proceedings consistent with this opinion.

---

of generic burglary); *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) ("[A] state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense."); *see id.* at 2250, 2257 (concluding that defendant's prior burglary convictions cannot give rise to ACCA's sentence enhancement because the elements of Iowa's burglary law, which includes entries into vehicles, are broader than those of generic burglary, which is limited to unlawful entry into a "building or other structure"); *Taylor*, 495 U.S. at 598 (defining "generic burglary").