# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3670

_____

United States of America

*Plaintiff - Appellee*

v.

Troy Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 26, 2019
Filed: October 9, 2019
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Troy Dwayne Wright appeals after he pled guilty to various Hobbs Act robbery offenses and an 18 U.S.C. § 924(c) firearm offense, and the district court[1] imposed

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

a sentence consistent with his binding Federal Rule of Criminal Procedure 11(c)(1)(C) agreement. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal in part based on the appeal waiver, and otherwise affirms.

Counsel has moved for leave to withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging an appeal waiver in the plea agreement, and challenging the sentence as unreasonable. Wright has filed a pro se brief asserting that the government breached the plea agreement, there was an insufficient basis for his convictions, his firearm conviction is invalid because the residual clause in section 924(c)(3) is unconstitutionally vague, and he received ineffective assistance of counsel at sentencing.

This court rejects Wright's claim that the government breached the plea agreement at sentencing because the government's conduct was consistent with terms of the agreement providing for an above-Guidelines sentence that was within the agreed sentencing range. *See United States v. Leach*, 491 F.3d 858, 863 (8th Cir. 2007) (plea agreements are contractual in nature, and should be interpreted according to general contract principles).

This court concludes that the appeal waiver is enforceable as to counsel's challenge to Wright's sentence, and as to Wright's argument that there was an insufficient basis for his convictions. These arguments fall within the scope of the appeal waiver, the record shows that Wright entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). Wright's argument that his firearm conviction is invalid because it hinges on the constitutionally unsound

residual clause of section 924(c)(3), while arguably not barred by the appeal waiver, is foreclosed by this Court's precedent. *See United States v. Bradford*, 806 F.3d 1151, 1154-55 (8th Cir. 2015); *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding residual clause in § 924(c)(3) is unconstitutionally vague)*; Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) (Hobbs Act robbery qualifies as a crime of violence under the force clause contained in § 924(c)(3)).

This court declines to consider Wright's ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed). This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed in part, and the judgment is affirmed. Counsel's request to withdraw is granted.

_____