[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  18-15013
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22615-JAL; 1:10-cr-20896-JAL-3

WILLIE SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 11, 2019)

Before MARTIN, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

Willie Smith, a federal prisoner, appeals the district court's denial of his 28

U.S.C. § 2255 motion to vacate.  He contends that his conviction under 18 U.S.C.

§ 924(c) is unconstitutional because Hobbs Act robbery (1) cannot be a predicate

crime of violence under 18 U.S.C. § 924(c)(3)(B)'s now-void residual clause, and (2) is not a crime of violence under § 924(c)(3)(A)'s elements clause. The government has moved for summary affirmance and to stay the briefing schedule.[1]

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review questions of constitutional law and statutory construction *de novo*. *United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1383 (11th Cir. 2011). Under our prior-panel-precedent rule, a panel is bound by a prior panel's decision until overruled by the Supreme Court or by this Court *en banc*. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Section 924 of Title 18 provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a

---

[1] The district court granted a Certificate of Appealability ("COA") as to whether Hobbs Act robbery was unaffected by the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). The district court granted this COA before the Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). As we recently explained in *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019), § 2255 claims brought under *Johnson* and *Davis* challenging convictions and sentences under § 924(c)'s residual clause are separate and distinct. *Id*. at 1040. We nonetheless assume, *arguendo*, that Smith's arguments on appeal are within the scope of the COA.

drug-trafficking crime.  18 U.S.C. § 924(c)(1).  For purposes of § 924(c), a "crime

of violence" means an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of
> physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force
> against the person or property of another may be used in the
> course of committing the offense.

*Id*. § 924(c)(3)(A), (B).  The first prong of this definition is referred to as the use-

of-force or elements clause, while the second prong is commonly referred to as the

risk-of-force or residual clause.  *United States v. St. Hubert*, 909 F.3d 335, 344

(11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019).

In *Johnson*, the Supreme Court invalidated the residual clause of the Armed

Career Criminal Act ("ACCA").  *Johnson v. United States*, 576 U.S. ___, ___135

S. Ct. 2551, 2563 (2019).  In *Davis*, the Supreme Court held that the residual

clause in § 924(c)(3)(B)'s definition of a "crime of violence" was

unconstitutionally vague.  *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319,

2324-25, 2336 (2019).  The Supreme Court emphasized that there was no "material

difference" between the language or scope of § 924(c)(3)(B) and the residual

clauses in the ACCA and 18 U.S.C. § 16(b), invalidated in *Johnson* and *Sessions v.*

*Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018), respectively.  *Davis*, ___ U.S. at

___, 139 S. Ct. at 2326.  Nevertheless, the *Davis* Court did not disturb the elements

clause in § 924(c)(3)(A).  *See generally id*. at 2323-36.

Previously, this Court held that a conviction for Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A) because it required the use, attempted use, or threatened use of force against the person or property of another. *St. Hubert*, 909 F.3d at 348; *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016). Other circuits have similarly held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-66 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *Diaz v. United States*, 863 F.3d 781, 783-84 (8th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir.), *cert. denied*, 137 S. Ct. 2230 (2017); *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir.), *cert. denied*, 137 S. Ct. 2228 (2017).

Here, Smith's § 924(c) convictions were predicated on substantive Hobbs Act robbery. As Smith concedes, this Court has held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), and we are bound by those prior decisions under the prior-panel-precedent rule.

Thus, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law. *See Davis*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED, and its motion to stay the briefing schedule is DENIED as moot.

4