# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3247

_____

Timothy Daniels

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3249

_____

Archie Bob Jenkins, Jr.

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3251

_____

Dirk Allen Horne

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3252
_____

James J. Insley

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3253
_____

Scott Kelly McDaniel

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3260

_____

Vincent Cordell Woodard

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3281

_____

Ryan Lamar Miles

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3309

_____

Michael Kuntz

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 17-3312

_____

Lonnie Lee Rhodes

*Petitioner - Appellee*

v.

United States of America

*Respondent - Appellant*

_____

No. 18-2913

_____

Ryndale Buckhanan

*Plaintiff - Appellee*

v.

United States of America

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 13, 2020
Filed: May 27, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In these consolidated appeals, the government appeals the district courts' grants of relief under 28 U.S.C. § 2255 to 10 defendants who were sentenced under the Armed Career Criminal Act (ACCA). First, we note that a suggestion of the death of appellee Ryan Miles has been filed by the United States and confirmed by Miles's counsel. Accordingly, appeal number 17-3281 is dismissed as moot.

In October 2017 and August 2018, the district courts reduced appellees' sentences, based on the law of this court at that time, which held that Arkansas residential burglary did not qualify as generic burglary--and thus was not a predicate violent felony under the ACCA--because the statute covered burglary of vehicles. See United States v. Sims, 854 F.3d 1037 (8th Cir. 2017). Following remand by the Supreme Court, see United States v. Stitt, 139 S. Ct. 399, 407-08 (2018), this court held that Arkansas residential burglary qualifies as a violent felony for the purposes of the ACCA, because its coverage is limited to burglaries of vehicles in which someone was living, and therefore presented a serious risk of violence. See United States v. Sims, 933 F.3d 1009, 1+014 (8th Cir. 2019).

Upon careful review, we conclude that appellees qualified as Armed Career Criminals, and thus their original sentences were correct. See Sims, 933 F.3d at 1014-15 (affirming ACCA-enhanced sentence based on Arkansas residential burglary conviction); Diaz v. United States, 863 F.3d 781, 783 (8th Cir. 2017) (grant of § 2255

motion and whether prior conviction constitutes a violent felony for the purposes of the ACCA are reviewed de novo). Appellees now argue that the Arkansas residential burglary statute is too broad to qualify as a violent felony because "structures" includes fenced areas and carports. See Ark. Code Ann. § 5-39-201(a)(1) (A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment); Ark. Code Ann. § 5-39-101(8)(A) ("residential occupiable structure" means a vehicle, building, or other structure in which any person lives or that is customarily used for overnight accommodation of a person whether or not a person is actually present). We conclude the argument fails because the statute is limited to structures used for overnight accommodation, and therefore focuses on circumstances where burglary is likely to present a serious risk of violence. See Stitt, 139 S. Ct. at 407 (statutes fell within generic burglary when they restricted coverage to vehicles and structures customarily used or adapted for overnight accommodation, and therefore focused on circumstances where burglary is likely to present a serious risk of violence; burglary is inherently dangerous because it creates possibility of violent confrontation between offender and occupant, caretaker, or someone who comes to investigate); Sims, 933 F.3d at 1015 (Stitt's focus on the potential for violent confrontation brings all residences within the ambit of generic burglary); see also Julian v. State, 298 Ark. 302, 304 (Ark. 1989) (burglary involves entering a place where people, as opposed to mere property, are likely to be). Accordingly, we reverse and remand for proceedings consistent with this opinion.

_____