# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1899
_____

United States of America

*Plaintiff - Appellee*

v.

Jalon Moore

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 16, 2022
Filed: September 21, 2022
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jalon Moore appeals after he pleaded guilty in the district court[1] to five counts of Hobbs Act robbery and two counts of possessing or brandishing a firearm in

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

furtherance of a crime of violence, pursuant to a plea agreement that included an appeal waiver. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the firearm convictions should be vacated. Moore filed a pro se brief seeking to challenge the robbery convictions.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Though the Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence, United States v. Taylor, 142 S. Ct. 2015, 2020 (2022), the plea agreement established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime of violence. Diaz v. United States, 863 F.3d 781, 783 (8th Cir. 2017).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw and we dismiss the appeal.

_____