# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2335
_____

Garfield Jameson Green

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States of America

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 10, 2023
Filed: August 16, 2023
[Published]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Garfield Green wants to stay in the country. To do so, he had to convince the Board of Immigration Appeals that either Hobbs Act robbery is not a "crime of violence" or it should waive inadmissibility. 8 U.S.C. § 1101(a)(43)(F); *see id.* § 1182(h) (waiver of inadmissibility); 18 U.S.C. § 1951 (Hobbs Act robbery). He did neither, and we deny his petition for review.

## I.

Green initially entered the United States on a traveler's visa, but he later became a permanent resident after marrying a United States citizen. Then, roughly a decade later, he and his accomplices robbed a delivery van belonging to "an ATM vendor." Green pleaded guilty to one count of Hobbs Act robbery and spent five years in prison.

Once immigration officials found out about the conviction, they started removal proceedings. As relevant here, the government argued he was removable because Hobbs Act robbery is a crime of violence. *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). The immigration judge and the Board agreed and refused to waive inadmissibility.

## II.

We have jurisdiction to review legal questions, *see id.* § 1252(a)(2)(D), including "whether a conviction for a particular . . . offense qualifies as a basis for removability," *Jima v. Barr*, 942 F.3d 468, 471–72 (8th Cir. 2019). Our review is de novo. *See id.* at 472.

## A.

Any alien "convicted of an aggravated felony is removable from the United States." *Id.*; *see* 8 U.S.C. § 1227(a)(2)(A)(iii). The list of qualifying aggravated felonies includes "crime[s] of violence"—offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a); *see* 8 U.S.C. § 1101(a)(43)(F). For Green to be removable, Hobbs Act robbery needs to satisfy the now-familiar "force" or "elements" clause. *United States v. Lung'aho*, 72 F.4th 845, 848 (8th Cir. 2023).

To determine whether it does, we "apply[] the categorical approach." *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015). Using only "the legal definition of [the] crime, not [Green's] actual acts," we ask whether Hobbs Act robbery has "as an element the use, attempted use, or threatened use of physical force." *United States v. Schneider*, 905 F.3d 1088, 1090 (8th Cir. 2018) (citation omitted).

The answer, at least according to our precedent, is yes. *See Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996). Hobbs Act robbery requires proof of an "unlawful taking or obtaining of personal property from the person . . . of another, against his will, *by means of actual or threatened force*." *Diaz*, 863 F.3d at 783 (emphasis added) (quoting 18 U.S.C. § 1951(b)). If this line of cases is still good law, Green is removable for having committed a "crime of violence." *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019).

B.

Based on a recent Supreme Court decision, Green argues it is not. *See United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). In *Taylor*, the issue was whether an *attempt* to commit Hobbs Act robbery is a "crime of violence." *Id.* at 2018 (quoting 18 U.S.C. § 924(c)(3)). Same issue, different crime. *See id.* at 2020 (contrasting the elements of "*attempted*" and "*completed* Hobbs Act robbery"); *Mathis v. United States*, 579 U.S. 500, 505 (2016) (explaining that "alternative" elements "define multiple crimes").

As the Court put it, "[w]hatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause." *Taylor*, 142 S. Ct. at 2020. The reason is that an attempt requires only "a substantial step" toward the robbery, which may, but does not always, involve an actual, attempted, or threatened use of force. *Id.*; *see United States v. States*, 72 F.4th 778, 784 (7th Cir. 2023) (explaining that "a person can commit attempted Hobbs Act robbery by attempting to threaten force").

-3-

The difference between a substantial step and completion of the crime is what separates attempted and actual Hobbs Act robbery. As we explained pre-*Taylor*, the latter necessarily "includes the use or threatened use of force or violence." *Farmer*, 73 F.3d at 842. *Taylor*, in other words, "does not change our position" that a completed Hobbs Act robbery is a crime of violence. *United States v. Stoney*, 62 F.4th 108, 113 (3d Cir. 2023); *see United States v. Baker*, 49 F.4th 1348, 1360 (10th Cir. 2022) (stating that "*Taylor* does not implicate our holding . . . expressly address[ing] completed Hobbs Act robbery"). Bottom line, Green is removable.[1] *See* 8 U.S.C. § 1227(a)(2)(A)(iii); *Dat*, 920 F.3d at 1194.

### III.

One issue remains. Green complains that the Board applied the wrong standard of review to the waiver-of-inadmissibility determination. We have jurisdiction to consider this "legal question" too. *Waldron v. Holder*, 688 F.3d 354, 360 (8th Cir. 2012); *Garcia-Mata v. Sessions*, 893 F.3d 1107, 1109 (8th Cir. 2018) (reviewing the issue de novo). A waiver of inadmissibility is discretionary, *see* 8 U.S.C. § 1182(h), but the Board must still review the immigration judge's decision to deny one de novo, *see* 8 C.F.R. § 1003.1(d)(3)(ii).[2]

It did so here. The Board specifically said it was applying de novo review, and there is nothing to suggest it did otherwise. The fact that it adopted the

---

[1]Given that Hobbs Act robbery is a crime of violence, we do not address any of the other possible grounds for removal. *See Gourche v. Holder*, 663 F.3d 882, 884 n.2 (7th Cir. 2011); *Parlak v. Holder*, 578 F.3d 457, 466 n.6 (6th Cir. 2009).

[2]We also do not address whether Green is statutorily eligible for a waiver of inadmissibility. After all, "an application for discretionary relief, including a waiver under [8 U.S.C. § 1182(h)], may be denied in the exercise of discretion without express rulings on the question of statutory eligibility." *In re Mendez-Moralez*, 21 I. & N. Dec. 296, 301 (B.I.A. 1996); *cf. INS v. Rios-Pineda*, 471 U.S. 444, 449 (1985); *INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (per curiam).

immigration judge's reasoning does not show that it "failed to exercise [its] own discretion." *In re Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994) (stating that the Board's "independent review authority does not preclude [it] from adopting or affirming a decision of the immigration judge").

IV.

We accordingly deny the petition for review.

_____