[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12458-G

_____

IN RE: WISSAM T. HAMMOUD,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: WILLIAM PRYOR, JORDAN and HULL, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Wissam T. Hammoud has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving one of the following two circumstances:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

## I. BACKGROUND

In 2004, Hammoud was charged by a federal grand jury with various crimes in a 13-count superseding indictment. In 2005, pursuant to a written plea agreement, Hammoud pleaded guilty to these four counts: (1) retaliating against a witness, in violation of 18 U.S.C. § 1513 (Count 1); (2) solicitation to commit murder, in violation of 18 U.S.C. § 373 (Count 3); (3) use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 13). As to the § 924(c) firearm charge in Count 5, the plea agreement specified that Hammoud possessed a firearm during the solicitation crime charged in Count 3. The district court dismissed the remaining nine counts and sentenced Hammoud to a total imprisonment term of 240 months, consisting of (1) concurrent 180-month sentences as to Counts 1 (retaliation) and 3 (solicitation); (2) a concurrent 120-month sentence as to Count 13 (felon in possession); and (3) a consecutive 60-month sentence as to Count 5 (the § 924(c) offense).

In 2006, Hammoud filed a direct appeal challenging his guilty pleas as to Counts 1 and 13 and his total sentence. *See United States v. Hammoud*, 229 F. App'x 869, 871 (11th Cir. 2007). On appeal, this Court affirmed Hammoud's convictions and dismissed his sentencing claim based

2

on the sentence appeal waiver provision in his plea agreement. *Id.* at 877. In 2008, Hammoud filed his original § 2255 motion to vacate, set aside, or correct his sentence raising a single ineffective assistance of trial counsel claim, which the district court denied on the merits.

In 2018, Hammoud filed an application for leave to file a second or successive § 2255 motion with this Court, arguing, among other things, that § 924(c)(3)(B) was unconstitutional, in light of the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018), which held, respectively, that the residual clauses in the Armed Career Criminal Act ("ACCA") and 18 U.S.C. § 16(b) were unconstitutionally vague. We denied Hammoud's 2018 application on the merits because, under our then-binding precedent in *Ovalles v. United States ("Ovalles II")*, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc), *abrogated by United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019), and *In re Garrett*, 908 F.3d 686, 689 (11th Cir. 2018), *abrogated in part by Davis*, 588 U.S. __, 139 S. Ct. 2319, neither *Johnson* nor *Dimaya* could support a vagueness-based challenge to § 924(c)(3)(B).

## II. DISCUSSION

In his present application, Hammoud contends that his § 924(c) conviction in Count 5 is no longer constitutionally valid. Specifically, Hammoud asserts that § 924(c)(3)(B)'s residual clause is unconstitutional, in light of the new rule of constitutional law set forth in *Davis*, *Dimaya*, and *Johnson*, and that his companion solicitation conviction in Count 3 could have qualified as a "crime of violence" only under § 924(c)'s now-defunct residual clause.[1]

---

[1] Hammoud's reliance on *Dimaya* and *Johnson* to support his § 924(c) challenge is misplaced, as those cases involved 18 U.S.C. § 16(b) and the ACCA, respectively, not § 924(c). Thus, Hammoud's present claim is best described as a *Davis* claim.

To determine whether Hammoud's proposed *Davis* claim meets the statutory criteria, we must first address three preliminary issues: (1) whether *Davis* announced a new rule of constitutional law; (2) if so, whether *Davis* has been made retroactively applicable to cases on collateral review by the Supreme Court; and (3) whether Hammoud's *Davis* claim is barred under our precedent in *In re Baptiste*, 828 F.3d 1337 (11th Cir. 2016).   Only after addressing these issues may we consider the merits of Hammoud's claim.

### A.    New Rule of Constitutional Law

Briefly, in *Davis*, decided on June 24, 2019, the Supreme Court extended its holdings in *Johnson* and *Dimaya* to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and § 16(b), is unconstitutionally vague.   *Davis*, 588 U.S. at __, 139 S. Ct. at 2336.   In doing so, the Supreme Court resolved a circuit split, rejecting the position (advocated for by the government in *Davis* and adopted by this Court and two other federal circuit courts) that § 924(c)(3)(B)'s residual clause could be saved from unconstitutionality if read to encompass a conduct-specific, rather than a categorical, approach.   *See id.* at __, __, 139 S. Ct. at 2325 & n.2, 2332-33.   The *Davis* Court emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses invalidated in *Johnson* and *Dimaya*, and therefore concluded that § 924(c)(3)(B)'s residual clause must suffer the same fate.   *See id.* at __, __, 139 S. Ct. at 2326, 2336.

The first question we must answer here is whether *Davis* announced a new rule of constitutional law.   A "new rule of constitutional law," 28 U.S.C. § 2255(h)(2), applies retroactively to criminal cases that became final before the rule was announced only if that rule falls within one of two narrow exceptions: (1) "[n]ew substantive rules"; or (2) "a small set of

4

watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 351-52, 124 S. Ct. 2519, 2522-23 (2004) (internal quotations and emphasis omitted); *see also Teague v. Lane*, 489 U.S. 288, 307-10, 109 S. Ct. 1060, 1073-75 (1989) (plurality opinion). The first exception, new substantive rules, includes "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro*, 542 U.S. at 351-52, 124 S. Ct. at 2522 (internal citations omitted). The first exception limits the application of new substantive constitutional rules to those that "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352, 124 S. Ct. at 2522-23 (internal quotations omitted); *see also Teague*, 489 U.S. at 311, 109 S. Ct. at 1075 (explaining that a new substantive rule applies retroactively if it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" (internal quotations and citation omitted)).

The Supreme Court has explained that, for purposes of determining retroactivity, "a case announces a new rule when it breaks new ground or imposes a new obligation" on the government. *Teague*, 489 U.S. at 301, 109 S. Ct. at 1070. A rule is "new" if the result of the case announcing the rule "was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* (emphasis omitted). A rule is not dictated by existing precedent where it would not have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527-28, 117 S. Ct. 1517, 1525 (1997). The Supreme Court has noted that, even where a court applies an already existing rule, its decision may create a new rule by applying the existing rule in a new

5

setting, thereby extending the rule "in a manner that was not dictated by [prior] precedent." *Stringer v. Black*, 503 U.S. 222, 228, 112 S. Ct. 1130, 1135 (1992).

In *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015), this Court held that *Johnson* announced a new substantive rule. This Court explained that "[t]he new rule announced in [*Johnson*] is substantive rather than procedural because it narrow[ed] the scope of [section] 924(e) [in the ACCA] by interpreting its terms, specifically, the term violent felony." *Id.* (internal quotations omitted). This Court further stated that the Supreme Court, in *Johnson*, "held that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process," or, in other words, "*Johnson* narrowed the class of people who are eligible for an increased sentence under the [ACCA]." *Id.* (internal quotations omitted). The Supreme Court later reached the same conclusion in *Welch v. United States*, 578 U.S. __, __, 136 S. Ct. 1257, 1264-65 (2016), and held that *Johnson* announced a new substantive rule.

We conclude that *Davis*, like *Johnson* before it, announced a new substantive rule. The rule announced in *Davis* is "substantive" because, just as *Johnson* narrowed the scope of the ACCA, *Davis* "narrow[ed] the scope of [§ 924(c)] by interpreting its terms, specifically, the term [crime of violence]." *See In re Rivero*, 797 F.3d at 989. Put another way, in striking down § 924(c)'s residual clause, *Davis* "narrowed the class of people who are eligible" to be convicted under § 924(c). *See id.* And the rule announced in *Davis* is also "new" because it extended *Johnson* and *Dimaya* to a new statute and context. The Supreme Court in *Davis* restricted for the first time the class of persons § 924(c) could punish and, thus, the government's ability to impose punishments on defendants under that statute. Moreover, the Supreme Court's grant of *certiorari* in *Davis* to resolve the circuit split on whether § 924(c)(3)(B) was unconstitutionally vague

6

illustrates that the rule in *Davis* was not necessarily "dictated by precedent," *see Stringer*, 503 U.S. at 228, 112 S. Ct. at 1135, or "apparent to all reasonable jurists," *see Lambrix*, 520 U.S. at 527-28, 117 S. Ct. at 1525.

**B.    Retroactivity of *Davis***

The second question we must answer is whether the Supreme Court has made *Davis* retroactive to cases on collateral review.    Though our above discussion, concluding that *Davis* announced a new substantive rule, would seem to resolve this retroactivity question, *see Schriro*, 542 U.S. at 352, 124 S. Ct. at 2522-23 (explaining that new substantive rules apply retroactively on collateral review), it does not.    In the context of a second or successive motion under § 2255(h)(2), it is not enough for a new decision to fall within one of the two narrow exceptions to the general rule of non-retroactivity.    Rather, as § 2255(h)(2) explicitly provides, the new rule must have been "made retroactive to cases on collateral review by the Supreme Court."    28 U.S.C. § 2255(h)(2).    In *Tyler v. Cain*, the Supreme Court held that this requirement means that, for a new rule to be retroactive within the meaning of § 2255(h)(2), (1) the Supreme Court itself must have expressly held that the new rule is retroactive on collateral review, or (2) the Supreme Court's holdings in "[m]ultiple cases . . . [must] necessarily dictate retroactivity of the new rule."    533 U.S. 656, 662-64, 666, 121 S. Ct. 2478, 2483-84 (2001) (considering the equivalent statutory requirement for state prisoners under 28 U.S.C. § 2244(b)(2)(A)).

Because the Supreme Court in *Davis* did not expressly state that its holding in that case applies retroactively to cases on collateral review, we consider whether the retroactivity of *Davis*'s new rule is "necessarily dictate[d]" by the holdings of multiple cases, *see id.* at 666, 121 S. Ct. at 2484, and we conclude that it is.    As noted above, the Supreme Court held in *Welch* that *Johnson*

7

announced a new substantive rule. *See Welch*, 578 U.S. at __, __, 136 S. Ct. at 1264-65, 1268. Specifically, the *Welch* Court determined that the new constitutional rule announced in *Johnson* was substantive because, by striking down the ACCA's residual clause, *Johnson* substantively altered the range of conduct or the class of persons the ACCA could punish. *Id*. As such, the Court determined that *Johnson*'s new rule fell within *Teague*'s first exception and, so, was retroactive. *See id.* at __, __, 136 S. Ct. 1264-65, 1268. Since the Supreme Court's decision in *Welch*, this Court has recognized that federal prisoners who can make a *prima facie* showing that they were previously sentenced in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion. *In re Thomas*, 823 F.3d 1345, 1348 (11th Cir. 2016).

The same rationale applies here. As we have already explained, by striking down § 924(c)(3)(B)'s residual clause, *Davis* altered the range of conduct and the class of persons that the § 924(c) statute can punish in the same manner that *Johnson* affected the ACCA. In other words, *Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule was announced. Consequently, for purposes of § 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in *Davis* and *Welch* "necessarily dictate" that *Davis* has been "made" retroactively applicable to criminal cases that became final before *Davis* was announced. *See Tyler*, 533 U.S. at 666, 121 S. Ct. at 2484.

## C.    *In re Baptiste* Bar

Hammoud's conviction became final on July 31, 2007, when the 90-day period for filing a petition for *certiorari* in the Supreme Court from his direct appeal expired. Having concluded that *Davis* announced a new substantive rule that applies retroactively to successive § 2255

movants like Hammoud, the third and final preliminary question we must confront, before addressing whether Hammoud has made a *prima facie* showing of a *Davis* claim, is whether his *Davis* claim is barred under our precedent in *In re Baptiste*.   As we explain below, it is not.

In *In re Baptiste*, this Court held that 28 U.S.C. § 2244(b)(1), which prohibits state prisoners from presenting repeat claims in a successive § 2254 habeas corpus petition, likewise bars federal prisoners from raising claims in a successive § 2255 motion that were presented in a prior application.   828 F.3d at 1339-40.   Later, this Court held that § 2244(b)(1), and by extension *In re Baptiste*, creates a jurisdictional bar to our consideration of claims that were raised and rejected in a prior successive application.   *See In re Bradford*, 830 F.3d 1273, 1277-79 (11th Cir. 2016).   A claim is the same for purposes of that jurisdictional bar "where the basic gravamen of the argument is the same, even where new supporting evidence or legal arguments are added." *In re Baptiste*, 828 F.3d at 1339.

Although the rationale underlying *Johnson* and *Dimaya* (on which Hammoud's prior, 2018 successive application was based) is the same rationale that underlies *Davis* (on which Hammoud's present application is premised), we conclude that *In re Baptiste* does not bar Hammoud's present *Davis*-based application.   This is so because, as detailed above, *Davis* announced a new substantive rule of constitutional law in its own right, separate and apart from (albeit primarily based on) *Johnson* and *Dimaya*.   Thus, Hammoud's present claim is a new *Davis* claim, not a *Johnson* or *Dimaya* claim, and is, therefore, not barred by *In re Baptiste*.   *See In re Anderson*, 829 F.3d 1290, 1293 (11th Cir. 2016) (explaining, in denying a successive § 2255 movant's *Johnson*-based challenge to the career offender guidelines, that if the Supreme Court were to find the guidelines' residual clause void-for-vagueness in *Beckles v. United States*, 580 U.S. __, 137 S. Ct.

9

886 (2017), which was then pending, "Anderson will be able to file a new application seeking certification to file a second or successive § 2255 motion based not on *Johnson* but on *Beckles*"); *see also In re Bradford*, 830 F.3d at 1279 (reiterating that, if the Supreme Court voided the guidelines' residual clause "in *Beckles*, or some other decision," "Bradford will have a new claim under § 2255(h)(2) for which he can then file an application to file a second or successive § 2255 motion," and stating that such a claim "will not be a *Johnson/Welch* claim, but a *Beckles* claim" (emphasis omitted)).

### D.    Merits of Hammoud's *Davis* Claim

With all of these preliminary issues resolved, we come to the question whether Hammoud has made a *prima facie* showing as to his present *Davis* claim, in which he challenges his § 924(c) conviction for using a firearm during and in relation to the § 373 solicitation offense in Count 3. Hammoud contends that his predicate § 373 solicitation offense could have qualified only under § 924(c)'s now-defunct residual clause, and his § 924(c) conviction in Count 5 is therefore invalid. To be convicted under § 373, a defendant must solicit another person with the intent that the other person "engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another . . . and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct."   18 U.S.C. § 373(a).   While the murder conduct Hammoud solicited met the elements clause in § 373 to establish the § 373 conviction in Count 3, Hammoud was charged with a separate § 924(c) firearm offense in Count 5 where the "solicitation" of that murder conduct must also qualify as a crime of violence under § 924(c)'s residual or elements clause.

10

Neither the Supreme Court nor this Court has addressed whether "solicitation" of another to commit murder, in violation of § 373, qualifies as a crime of violence under only the residual clause or the elements clause or both clauses of § 924(c)(3). So Hammoud has made a *prima facie* showing that his § 924(c) conviction in Count 5 may—not that it does, but it may—implicate § 924(c)'s residual clause and *Davis*. *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2); *Jordan*, 485 F.3d at 1357-58.

It is also important to note that our determination that Hammoud has made a *prima facie* showing that his § 924(c) conviction in Count 5 may implicate § 924(c)'s residual clause and *Davis* does not conclusively resolve the merits of that issue. *See In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016); *Jordan*, 485 F.3d at 1357-58. The district court in the first instance shall proceed to consider the merits of Hammoud's § 2255 motion, along with any defenses and arguments the respondent may raise. *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013). Further, in the district court, Hammoud will bear the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he will have to show that his § 924(c) conviction resulted from application of solely the residual clause. *See In re Moore*, 830 F.3d at 1271-73; *see also Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir. 2017). Any determination that the district court makes about the merits of Hammoud's *Davis* claim is subject to review on appeal from a final judgment or order if an appeal is filed. *In re Moss*, 703 F.3d at 1303.

Finally, a "successive motion does not stand in the place of a first § 2255 motion, allowing the movant to raise any claim that would have been cognizable in an original § 2255 proceeding." *Solomon v. United States*, 911 F.3d 1356, 1360 (11th Cir. 2019), *abrogated on other grounds by Davis*, 588 U.S. __, 139 S. Ct. 2319, *cert. filed*, No. 18-9210 (U.S. May 9, 2019). Rather,

11

Hammoud's application is granted only as to his *Davis* claim challenging his § 924(c) firearm conviction in Count 5.

Accordingly, because Hammoud has made a *prima facie* showing of the existence at least one of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby GRANTED as to his *Davis* claim regarding his § 924(c) conviction in Count 5.