[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10732
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-03153-TWT; 1:02-cr-00377-TWT-GGB-4

PATRICK BLASINGAME,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 6, 2019)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Blasingame appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, in which he argued that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated his 18 U.S.C. § 924(c) conviction (predicated on a conspiracy to commit Hobbs Act robbery). The district court granted a certificate of appealability on the issue of whether *Johnson* applies to § 924(c)(3)(B).

While his appeal was pending, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319, 2323, 2336 (2019), in which it held that § 924(c)(3)'s residual clause is unconstitutionally vague. And we held in a published order that *Davis* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" under 28 U.S.C. § 2255(h)(2). *See In re Hammoud*, 931 F.3d 1032, 1038–41 (11th Cir. 2019).

Because the district court did not have the benefit of these decisions when adjudicating Mr. Blasingame's § 2255 motion, we vacate and remand so that the district court may reconsider, in light of these new precedents, whether he is entitled to any § 2255 relief. In addition to the issues the parties have raised up to now, the district court may wish to consider whether it makes sense to permit Mr. Blasingame to amend his motion in light of *Davis*. We express no opinion about this or any other issue.

**VACATED AND REMANDED.**