[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14806
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61366-DMM,
0:13-cr-60006-DMM-2

KERINO BELIZAIRE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2019)

Before TJOFLAT, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

On January 31, 2013, Kerino Belizaire pled guilty to a two-count

information charging him in Count 1 with conspiracy to commit a Hobbs Act

robbery, in violation of 18 U.S.C. § 1951(a) (Count 1), and in Count 2 with using

and carrying a firearm "during and in relation to a crime of violence," i.e., the conspiracy to commit Hobbs Act robbery alleged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A).  The District Court sentenced Belizaire to imprisonment for a term of 27 months on Count 1 and a consecutive term of 60 months on Count 2, for a total term of 87 months.

On July 29, 2013, Belizaire moved the District Court pursuant to 28 U.S.C. § 2255 to vacate his Count 2 sentence on the ground that the "residual" or "risk-of-force" clause in § 924(c)(3)(B) was unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2))B)((ii).  He further argued that if § 924(c)'s residual clause was invalidated, his companion conviction for conspiracy to commit Hobbs Act robbery would not qualify as a "crime of violence" for § 924(c) purposes.  The District Court concluded that *Johnson's* holding did not apply to § 924(c)(3)(B) and denied Belizaire's motion.  It then granted a certificate of appealability on the issue of whether *Johnson* applies to § 924(c)(3)(B).[1]

---

[1] Although Belizaire has apparently been released from physical custody, his § 2255 motion does not fail on "in custody" grounds because he filed it when he was still imprisoned, and he is still subject to a four-year term of supervised release.  *See* 28 U.S.C. § 2241(c)(3); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

2

While Belizaire's appeal was pending, the Supreme Court invalidated the residual clause in § 924(c)(3)(B), finding that it was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Shortly thereafter, we held that the Supreme Court's ruling in *Davis* announced a new substantive rule of constitutional law, made retroactive to other cases on collateral review. *In re Hammoud*, 931 F.3d 1032, 1037–39 (11th Cir. 2019). We therefore vacate the District Court's decision and remand to the case to allow the Court to determine whether Belizaire is entitled to relief under § 2255 in light of the above decisions. *See Antoine v. United States*, — F. App'x —, No. 17-14807, 2019 WL 3526408 (11th Cir. Aug. 2, 2019) (Mem.) (vacating and remanding the appeal of Belizaire's co-conspirator, who was charged under the same statute and presented identical arguments on appeal).

**VACATED and REMANDED.**