[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16043
Non-Argument Calendar

_____

D.C. Docket Nos. 8:16-cv-01903-EAK-TGW; 8:02-cr-00508-EAK-TGW-1

ANDRE PAIGE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(January 8, 2020)

Before MARCUS, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Andre Paige appeals the district court's denial of his 28 U.S.C. § 2255 motion

to vacate his sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).

Our Court granted a certificate of appealability ("COA") to Paige as to one issue:

"Whether the district court erred in concluding that Paige's conviction in Count 3 under 18 U.S.C. § 924(c), based on alternative predicate offenses, was unaffected by Johnson v. United States, 135 S. Ct. 2551 (2015)."  On appeal, Paige argues that: (1) his motion to vacate made a prima facie showing of meeting the requirements of § 2255(h); (2) the district court erred in concluding that he was not entitled to relief on his Johnson claim, because Johnson invalidated 18 U.S.C. § 924(c)(3)(B) as void, and his conviction on Count 3 rested on that statute; and (3) neither conspiracy to commit Hobbs Act robbery nor Hobbs Act robbery categorically qualify as violent crimes under § 924(c).  After careful review, we affirm.

In a § 2255 proceeding, we review legal issues de novo and factual findings for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  In order for a movant to bring a particular claim in a successive § 2255 motion, we must grant permission for him to do so.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  In the absence of this authorization, the district court has no subject matter jurisdiction over the claim.  See 28 U.S.C. §§ 2244(a), (b)(3)(A), 2255(h).

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), found in 18

2

U.S.C. § 924(e)(2)(B)(ii),[1] was unconstitutional. Following Johnson, and after we granted a COA in Paige's case, this Court held en banc that the residual clause found in 18 U.S.C. § 924(c), which address certain crimes involving firearms,[2] was <u>not</u> unconstitutionally vague, and that Johnson did not dictate a different result. See Ovalles v. United States, 905 F.3d 1231, 1252–53 (11th Cir. 2018) (en banc), abrogated by United States v. Davis, 139 S. Ct. 2319 (2019). Thereafter, in United States v. Davis, the Supreme Court abrogated our decision in Ovalles, and held that § 924(c)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2336.

Since Davis, our Court has held that, although the rationale underlying the Supreme Court's decision in Johnson is the same as the rationale underlying Davis, the two cases announced entirely different substantive rules of constitutional law, which are "separate and apart" from each other. In re Hammoud, 931 F.3d 1032, 1040 (11th Cir. 2019). We've also held that "published three-judge orders issued under § 2244(b) are binding precedent in our circuit." United States v. St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019), petition for

---

[1] The ACCA sets a mandatory minimum term of imprisonment for individuals with three "violent felonies," which the residual clause defined as crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

[2] Section 924(c), in relevant part, sets mandatory minimum terms of imprisonment for individuals who "during and in relation to any crime of violence or drug trafficking crime . . . use[] or carr[y] a firearm," and defines "crime of violence" in its residual clause as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(1)(A), (c)(3)(B).

cert. filed, No. 19-5267 (U.S. July 23, 2019). Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this Court en banc or by the Supreme Court. United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

Here, in relevant part, Paige was indicted for aiding another who used a firearm during and in relation to a crime of violence, and in the course thereof caused a person's death, in violation of 18 U.S.C. §§ 924(c)(1), 924(j)(1), 1111(a), and 2; the two "crimes of violence" referenced in this count were conspiracy to commit Hobbs Act robbery and Hobbs Act robbery. Notably, Paige's § 2255 motion to vacate involved his conviction under § 924(c); it did not involve a conviction under § 924(e)(2)(B)(ii), the provision deemed unconstitutional in Johnson. While Davis has since held that § 924(c)'s residual clause was unconstitutional, we've held that Johnson and Davis announced entirely different substantive rules of constitutional law, which are "separate and apart" from each other. In re Hammoud, 931 F.3d at 1040. In re Hammoud has not been overruled by the Supreme Court or this Court sitting en banc, which means that it remains binding precedent, even though it was published in the context of a ruling on a successive application, and even though Paige argues that it incorrectly determined that Davis announced a "new" rule of constitutional law. St. Hubert, 909 F.3d at 345; Vega-Castillo, 540 F.3d at 1236.

4

Because Johnson's instant § 2255 motion only raised a <u>Johnson</u> claim, and because, under <u>In re Hammoud</u>, <u>Johnson</u> claims are distinct from <u>Davis</u> claims, the district court did not err in denying Paige's § 2255 motion. As the district court properly explained, "[b]ased on the prevailing case law [at the time of its decision]," Paige's motion to vacate "must be denied because <u>Johnson</u> does not find that the residual clause of 18 U.S.C. § 924(c) . . . is unconstitutional." Moreover, Paige's COA before this Court was limited to one issue: "Whether the district court erred in concluding that Paige's conviction in Count 3 under 18 U.S.C. § 924(c), based on alternative predicate offenses, was unaffected by <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015)." Thus, we are unable to grant him relief either. <u>See Murray v. United States</u>, 145 F.3d 1249, 1251 (11th Cir. 1998) ("[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA.").

To the extent that Paige wishes to seek authorization to file a successive § 2255 motion to challenge his section 924(c) conviction based on <u>Davis</u>, that would be a <u>Davis</u> claim and not a <u>Johnson</u> claim. <u>See In re Hammoud</u>, 931 F.3d at 1036 n.1, 1040 (11th Cir. 2019) ("Hammoud's present claim is a new <u>Davis</u> claim, not a <u>Johnson</u>" claim; his reliance on <u>Johnson</u> "to support his § 924(c) challenge is misplaced," as that case involved ACCA and not § 924(c)); <u>cf</u>. <u>In re Bradford</u>, 830 F.3d 1273, 1279 (11th Cir. 2016) (explaining that if the Supreme Court were to

extend <u>Johnson</u> to invalidate the residual clause of the sentencing guidelines, the defendant could rely on that later decision to assert "a new claim under § 2255(h)(2) for which he can then file an application to file a second or successive § 2255 motion," but that would not be a <u>Johnson</u> claim).  In order to pursue relief under <u>Davis</u>, Paige instead must file a new successive application with this Court, requesting permission to file a <u>Davis</u> claim.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A).  Because we have resolved the sole issue outlined in our COA, we will not consider Paige's other arguments, and we affirm.

**AFFIRMED.**