[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12431
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-02716-WBH; 1:08-cr-00314-WBH-RGV-2

GERARDO SOLORIO REYEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 18, 2020)

Before ED CARNES, Chief Judge, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

In 2009 Gerardo Reyez pleaded guilty to three federal crimes: (1) hostage taking in violation of 18 U.S.C. § 1203, (2) possession of firearms in furtherance of a crime of violence (the hostage taking) under 18 U.S.C. § 924(c), and (3) conspiracy to possess with the intent to distribute cocaine.  He was sentenced to a total of 319 months in prison.

He later filed a § 2255 motion in the district court contending that hostage taking was a crime of violence under only the residual clause, § 924(c)(3)(B), which he claimed was unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551, 2560 (2015).  The district court found that § 924(c)(3)(B) was not unconstitutionally vague and denied his motion.  But in United States v. Davis, 139 S. Ct. 2319 (2019), which was decided after the district court denied Reyez's § 2255 motion, the Supreme Court held that § 924(c)(3)(B) was, in fact, unconstitutionally vague.  This is his appeal.

When reviewing the court's denial of a § 2255 motion, we review de novo questions of law.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

Section 924(c) criminalizes the use or carrying of a firearm in furtherance of a crime of violence or drug trafficking crime.  "Crime of violence" is defined in two subsections:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing

2

the offense.

18 U.S.C. § 924(c)(3)(A), (B).

Subsection (B) of § 924(c)(3) is known as the residual clause, and it was held unconstitutionally vague in Davis.  Davis announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In re Hammoud, 931 F.3d 1032, 1037 (11th Cir. 2019).  We have emphasized that the district court should, in the first instance, review the merits of such a claim.  Id. at 1040–41.  In the district court, the § 2255 movant bears "the burden of showing that he is actually entitled to relief on his Davis claim, meaning he [has] to show that his § 924(c) conviction resulted from application of solely the residual clause."  Id.; Beeman v. United States, 871 F.3d 1215, 1222–25 (11th Cir. 2017).

Subsection (A) is known as the elements clause.  Under the elements clause, courts must apply the categorical approach, looking only to the elements of the predicate offense and not to the defendant's conduct.  United States v. St. Hubert, 909 F.3d 335, 348 (11th Cir. 2018).  That approach presumes that the conviction relies on "the least of the acts criminalized," and then requires a determination about whether even those acts qualify as crimes of violence.  Id. at 349 (quotation marks and brackets omitted).

The statute that criminalizes hostage taking provides:

3

> Whoever . . . seizes or detains and threatens to kill, to injure, or to continue to detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained, or attempts or conspires to do so . . . .

18 U.S.C. § 1203(a). This court has not addressed whether hostage taking qualifies as a crime of violence under the § 924(c)(3)(A) elements clause or whether it could be accomplished without force or violence.

Reyez contends that hostage taking under § 1203(a) does not amount to a crime of violence under the elements clause. He argues that we should vacate his conviction and remand for resentencing. The government agrees.

But because Davis was decided while his appeal was pending, the district court never considered Davis' impact upon Reyez's § 2255 claims. And while the district court primarily addressed the residual clause, it never stated whether Reyez had shown that his § 924(c) conviction relied solely on the residual clause. We are not bound by the government's concession that hostage taking is not a crime of violence under the elements clause. See Bourdon v. United States Dep't of Homeland Sec. (DHS), 940 F.3d 537, 547 n.6 (11th Cir. 2019). We therefore vacate the district court's denial of Reyez's § 2255 motion and remand for that court to consider in the first instance if Reyez is entitled to relief under § 2255 in light of Davis.[1]

---

[1] Reyez also moved to have this appeal expedited and the government consented. That

4

**VACATED AND REMANDED.**

---

motion is **DENIED AS MOOT.**