[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11565
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-61493-WPD; 0:13-cr-60267-WPD-1

JEAN CAZY,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 6, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jean Cazy, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) and his corresponding sentence. He argues that his conviction is now invalid in light of the Supreme Court's ruling in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019). Although the government opposed Cazy's motion in the district court, it now concedes that Cazy's § 924(c)(1)(A) conviction must be vacated. After careful consideration, we reverse the district court's denial of Cazy's § 2255 motion and remand for resentencing.

## I.

In 2014, Cazy was convicted of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 2); attempt to possess more than 500 grams, but less than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count 3); conspiracy to use, carry, or possess a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 4); using, carrying, and possessing a firearm in furtherance of the crime of violence set forth in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5); using, carrying, and possessing a firearm in furtherance of the drug-trafficking offenses set forth in Counts 2 and 3, in violation of § 924(c)(1)(A)

2

(Count 6).  He was sentenced to a total term of 248-months imprisonment, which was later reduced to 211-months imprisonment.

In 2016, Cazy filed a motion under 28 U.S.C. § 2255, arguing, among other things, that the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), invalidated his § 924(c) conviction in Count 5.  The district court denied Cazy's motion as to Count 5, holding that Cazy could not benefit from Johnson because of the concurrent sentence doctrine.  Cazy appealed, and a panel of this Court vacated and remanded, holding that the district court erred in applying the concurrent sentence doctrine.  Cazy v. United States, 717 F. App'x 954, 956 (2017) (per curiam) (unpublished).  On remand, the district court denied Cazy's claim based on our decision in Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017), which held that Johnson did not invalidate the residual clause in 18 U.S.C. § 924(c).  Id. at 1265.

Cazy appealed, and while his appeal was pending, the Supreme Court issued its decision in Davis, which extended its holding in Johnson to § 924(c)'s residual clause.  See 139 S. Ct. at 2326, 2336.  We thereafter granted a certificate of appealability ("COA") on the issue of whether Cazy's "18 U.S.C. § 924(c)(1)(A) conviction for the crime of using, carrying, or possessing a firearm in furtherance of a companion offense of conspiracy to commit Hobbs Act robbery is unconstitutional in light of [Davis]."  On appeal, Cazy says his § 924(c) conviction

in Count 5 is unconstitutional because it is premised on Hobbs Act conspiracy, which no longer qualifies as a crime of violence.[1]  The government concedes that Cazy's conviction must be vacated in light of Davis and this Court's subsequent precedent.

## II.

In reviewing a district court's denial of a § 2255 motion, we review the court's legal conclusions de novo and its factual findings for clear error.  Brown v. United States, 942 F.3d 1069, 1072 (11th Cir. 2019) (per curiam).

## III.

Under § 924(c), a person who uses a firearm during and in relation to a crime of violence is subject to a mandatory consecutive prison sentence.  18 U.S.C. § 924(c)(1).  A "crime of violence" is defined as an offense that is a felony and: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Id. § 924(c)(3).  We commonly refer to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the

---

[1] Cazy has filed a supplemental brief arguing that his § 924(c) conviction in Count 6 is no longer valid.  Because the scope of our review is limited to the issue specified in the COA—whether Cazy's § 924(c) conviction in Count 5 is invalid after Davis—we do not consider his arguments as to Count 6.  See McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).

"residual clause."  In <u>Davis</u>, the Supreme Court struck down

§ 924(c)(3)(B)'s residual clause as unconstitutionally vague.  139 S. Ct. at 2323–

24, 2336.  This Court has since held that <u>Davis</u> announced a new rule of

constitutional law that applies retroactively to cases on collateral review.  <u>See</u> <u>In re</u>

<u>Hammoud</u>, 931 F.3d 1032, 1037–39 (11th Cir. 2019) (per curiam).  This Court has

also held that conspiracy to commit Hobbs Act robbery is not categorically a crime

of violence under § 924(c)'s elements clause.  <u>Brown</u>, 942 F.3d at 1075–76.

Cazy's conviction for conspiracy to commit Hobbs Act robbery does not

qualify as a crime of violence under § 924(c)'s now-defunct residual clause in light

of <u>Davis</u>, nor does it qualify under § 924(c)'s elements clause in light of <u>Brown</u>.

Because Cazy's § 924(c) conviction in Count 5 was predicated solely on

conspiracy to commit Hobbs Act robbery, his conviction is invalid and must be

vacated.  We therefore reverse the district court's denial of Cazy's § 2255 motion

and remand for resentencing.[2]

**REVERSED AND REMANDED.**

---

[2] The government invites us to "remand[] with limited instructions to vacate only Count 5's § 924(c) sentence, but not permit a full resentencing."  Br. of Appellee at 8 n.4.  That is because, as the government points out, Cazy's 60-month sentence for his Count 5 conviction was imposed concurrently with a separate 60-month sentence for his § 924(c) conviction in Count 6, which is unaffected by this opinion.  We decline to issue any such instruction, and instead allow the district court to decide in the first instance the government's request for limited resentencing.