[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10334

_____

D.C. Docket Nos. 1:16-cv-22657-PCH; 1:06-cr-20340-PCH-2

MICHAEL HERNANDEZ,

                                                              Petitioner-Appellant,

                                    versus

UNITED STATES OF AMERICA,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2020)

Before WILLIAM PRYOR, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Michael Hernandez appeals the denial of his successive motion to vacate his

conviction, 28 U.S.C. § 2255, for possessing a firearm during a crime of violence,

18 U.S.C. § 924(c)(1)(A). In 2006, a jury convicted Hernandez of one count of

conspiracy to engage in hostage taking, 18 U.S.C. § 1203(a), one count of hostage taking, *id.*, one count of carrying a firearm during a crime of violence, *id.* § 924(c)(1)(A), and one count of possessing a firearm as a convicted felon, *id.* § 922(g)(1). The third count, carrying a firearm during a crime of violence, was predicated on both hostage-taking counts. The district court sentenced Hernandez to 324 months of imprisonment on the hostage-taking counts, to run concurrently with a sentence of 120 months of imprisonment on the felon-in-possession count, and to an additional 84 months of imprisonment on the crime-of-violence count, to run consecutively to the three other counts, for a total term of 408 months of imprisonment.

After receiving authorization in our Court, *see* 28 U.S.C. 2255(h), in June 2016, Hernandez filed a successive motion to vacate his conviction for carrying a firearm during a crime of violence. He contended that hostage taking did not qualify as a crime of violence under section 924(c)(3), under either subsection (A), the elements clause, or subsection (B), the residual clause. 18 U.S.C. § 924(c)(3). In his view, the residual clause could not survive constitutional scrutiny under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The district court denied Hernandez's motion based on our decision in *Ovalles v. United States*, 861 F.3d 1257, 1259 (11th Cir. 2017), *aff'd en banc*, 905 F.3d 1231 (11th Cir. 2018), *abrogated by United States v. Davis*, 139 S. Ct. 2319

2

(2019). We later granted Hernandez a certificate of appealability as to "[w]hether [his] companion offense for hostage taking qualified as a crime of violence under 18 U.S.C. § 924(c)(3)(B)'s residual clause." While his appeal was pending, the Supreme Court decided that the residual clause of section 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Hammoud,* 931 F.3d 1032, 1039 (11th Cir. 2019). And it dispensed with the question for which we granted Hernandez a certificate of appealability.

The government now concedes that hostage taking does not qualify as a crime of violence under section 924(c)(3)(A). So, it no longer opposes vacatur of Hernandez's section 924(c) conviction. We therefore vacate the order denying Hernandez's motion and remand for the district court to reconsider the motion in the light of *Davis*.

**VACATED AND REMANDED**.