[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14304
Non-Argument Calendar
_____

D.C. Docket Nos. 1:19-cv-23381-UU; 1:11-cr-20700-UU-2


DOUGLAS YOUNG,

                                                      Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2021)


Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Douglas Young, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion for lack of jurisdiction on the ground that it was an impermissibly second or successive motion. In that motion, Young argued that his 18 U.S.C. § 924(c) conviction is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] The government moves for summary affirmance, arguing that the district court properly dismissed Young's § 2255 motion because Young had filed previously an initial § 2255 motion which was denied, and he did not have authorization from this Court to file a second or successive § 2255 motion.

Summary disposition is appropriate either where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

"We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive." *McIver v. United States*, 307 F.3d 1327, 1329

---

[1] In *Davis*, the Supreme Court extended its holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) to 18 U.S.C. § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in 18 U.S.C. § 924(e)(2)(B) and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324–25, 2336. Thereafter, we held that *Davis* announced a new rule of constitutional law within the meaning of § 2255(h)(2) and was retroactively applicable. *See In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019).

(11th Cir. 2002). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, before a movant may file a second or successive § 2255 motion, he first must obtain an order from the court of appeals authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive motion to vacate sentence. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Young pleaded guilty in 2011 to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Young filed his initial § 2255 motion in April 2019, which was ultimately dismissed as time-barred. Thereafter, Young sought permission in this Court to file a second or successive § 2255 motion, challenging his § 924(c) conviction based on *Davis*. We denied Young's application, concluding that he could not make a *prima facie* showing that his § 924(c) conviction was unconstitutional under *Davis* because it was independently supported by the substantive offense of Hobbs Act robbery, which remained a qualifying offense under § 924(c)'s elements clause.

Meanwhile, Young filed the underlying § 2255 motion in the district court that is the subject of this appeal. Young did not have the required authorization from this Court to file a second or successive § 2255 motion. *See* 28 U.S.C.

3

§ 2244(b)(3)(A).  Therefore, the district court lacked jurisdiction to consider Young's motion.  *See id.*; *Farris*, 333 F.3d at 1216.  Accordingly, because there is no substantial question that the district court correctly dismissed Young's successive § 2255 motion for lack of jurisdiction, we GRANT the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.