[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11048
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22521-RNS,
1:10-cr-20855-RNS-1

CARL RICHARD SAMSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Carl Richard Samson appeals the district court's denial of his authorized successive 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appealability on one issue: whether in light of *United States v. Davis*, 139 S. Ct. 2319 (2019),[1] and *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019),[2] the district court erred in denying Samson's vagueness challenge to his conviction under 18 U.S.C. § 924(c)(3)(B). After review,[3] we affirm the district court's denial of Samson's motion to vacate.

## I. BACKGROUND

We presume familiarity with the factual and procedural background and describe it below only to the extent necessary to address the issues raised in this appeal.

Samson was charged in a superseding indictment with (1) conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); (2) attempt to

---

[1] In *Davis*, the Supreme Court extended its holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-26, 2336. The Court emphasized there was "no material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses struck down in *Johnson* and *Dimaya*, and, therefore, concluded that § 924(c)(3)(B) was unconstitutional for the same reasons. *Id.* at 2326, 2336.

[2] In *Hammoud*, this Court held *Davis* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Hammoud*, 931 F.3d at 1038-39.

[3] When reviewing a district court's denial of a § 2255 motion, this Court reviews findings of fact for clear error and questions of law *de novo*. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

commit robbery in violation of 18 U.S.C. §§ 1951(a) and (2) (Count 2); and

(3) using and carrying a firearm during and in relation to a crime of violence—

specifically, conspiracy to commit a robbery as charged in Count 1 and attempt to

commit a robbery as charged in Count 2—in violation of 18 U.S.C.

§§ 924(c)(1)(A)(iii) and 2 (Count 3). Samson proceeded to jury trial on all three

counts. As to Count 3, the district court instructed the jury:

> The defendant can be found guilty of violating 18 Section
> 924(c)(1)(A)(iii) only if all of the following facts are proved beyond a
> reasonable doubt: First, that the defendant committed at least one of
> the federal crimes of violence charged in Counts 1 or 2 of the
> superseding indictment; second, that during the commission of that
> offense the defendant knowingly used or possessed a firearm as
> charged; and third, that the defendant used the firearm in relation to
> the federal crime of violence or possessed the firearm in furtherance
> of the federal crime of violence.

Samson was found guilty on all three counts by a general jury verdict. This Court

affirmed Samson's convictions on direct appeal. *United States v. Samson*, 540 F.

App'x 927, 932 (11th Cir. 2013).

## II. DISCUSSION

Samson asserts that because *Davis* held that the residual clause of

§ 924(c)(3)(B)[4] is unconstitutionally vague, his conviction for conspiracy to

---

[4] For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
　　(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the elements clause], or

commit robbery in violation of 18 U.S.C. § 1951(a) (Hobbs Act), does not qualify as a crime of violence under § 924(c)(3)(B).  Samson also argues that conspiracy to commit a Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A)'s elements clause.  Samson contends the district court's denial of his motion should be vacated because the district court had not determined whether his § 924(c) conviction rested on the Hobbs Act robbery conspiracy or attempt charge.  Samson asserts it is not clear which evidence the jury relied on to distinguish between attempt and conspiracy, thus the jury reasonably could have relied solely on the broader conspiracy theory for its § 924(c) verdict.  Samson asserts the unconstitutionality of § 924(c)(3)(B) and the need for resolution of the jury's reliance on the conspiracy charge as the basis for its determination of the § 924(c) count warrant vacating the district court's decision and remanding to the district court.

The Government responds that Samson procedurally defaulted his claim by not raising it on direct appeal.  The Government argues that Samson has no cause to excuse his default because his vagueness challenge was not "novel" within the meaning of this Court's precedents and the legal basis of his vagueness claim was

---

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3).

available to him at all times.  The Government also argues that Samson cannot show actual prejudice because his attempted Hobbs Act robbery qualified as a predicate crime of violence post-*Davis* and his § 924(c) count was alternatively predicated on the attempt.  The Government contends that Samson cannot demonstrate actual innocence because his § 924(c) conviction was also predicated on attempted Hobbs Act robbery.

The Government also contends there was no possibility the jury's § 924(c) verdict rested solely on the conspiracy charge because the robbery conspiracy and its attempt were coextensive and the jury found the attempt was proven beyond a reasonable doubt.  While the Government recognizes that Hobbs Act conspiracy no longer qualifies as a predicate crime of violence, *Davis* did not alter the validity of Samson's § 924(c) conviction because it was also predicated on attempted Hobbs Act robbery, which was unaffected by *Davis*.  The Government states there is no need to remand to the district court because the record makes clear that the underlying offenses of conspiracy and attempted Hobbs Act robbery were so inextricably intertwined that Samson cannot meet his burden of proving entitlement to relief under *Davis*.

As an initial matter, we have held conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)'s elements clause and thus would only qualify as a predicate offense under the unconstitutional residual

5

clause. *Brown v. United States*, 942 F.3d 1069, 1075-76 (11th Cir. 2019). In contrast, attempted Hobbs Act robbery categorically qualifies as a crime of violence under the § 924(c)(3) elements clause and therefore is a valid predicate for Samson's § 924(c)(1)(A)(iii) conviction. *United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336.

This Court recently issued an opinion in *Granda v. United States*, __ F.3d __, 2021 WL 923282 (11th Cir. Mar. 11, 2021) that controls the resolution here. Granda also collaterally attacked his conviction under 18 U.S.C. § 924, arguing that one of the predicate crimes—conspiracy to commit Hobbs Act robbery—no longer qualifies as a crime of violence after *Davis*. We rejected Granda's arguments on appeal for two reasons: (1) he could not overcome the procedural default of his claim, and (2) he could not otherwise prevail on the merits. *Id.* at 1. We reject Samson's arguments on appeal for the same reasons.

A. *Procedural Default*

A prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence pursuant to § 2255, claiming the right to be released based on the ground that his sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). A § 2255 claim may be procedurally defaulted if the petitioner failed to raise the claim on direct appeal. *Bousley v.*

6

*United States*, 523 U.S. 614, 622 (1998).  A defendant can overcome this procedural bar by establishing cause and actual prejudice, or actual innocence.  *Id.* Futility does not constitute cause to the extent that the movant's argument was "unacceptable to that particular court at that particular time."  *Id.* at 623.  In determining cause, the question is not whether subsequent case law has made counsel's task easier, but whether at the time of the alleged default, the claim was available at all.  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).

Samson did not argue in the trial court, or on direct appeal, that his § 924(c)(1)(A)(iii) conviction was invalid because the § 924(c)(3)(B) residual clause was unconstitutionally vague.  "He, therefore, procedurally defaulted this claim and cannot succeed on collateral review unless he can either (1) show cause to excuse the default *and* actual prejudice from the claimed error, or (2) show that he is actually innocent of the [§ 924(c)(1)(A)(iii)] conviction."  *Granda*, 2021 WL 923282 at *5.

*1. Cause*

In *Granda*, we rejected the petitioner's argument that his §924(c)(3) argument was sufficiently novel to establish cause to excuse the procedural default. *Id.* at *5-*7.  While *Davis* announced a new constitutional rule that has retroactive application, *Hammoud*, 931 F.3d at 1038-39, we explained "[t]o establish novelty sufficient to provide cause based on a new constitutional principle, [a petitioner]

must show that the new rule was a sufficiently clear break with the past, so that an attorney representing him would not reasonably have had the tools for presenting the claim," *Granda*, 2021 WL 923282 at \*6 (quotations and alterations omitted). We determined Granda's claim did not fit into any of the three circumstances in which novelty might constitute cause for defaulting a claim: (1) "when a decision of the Supreme Court explicitly overrules one of its precedents"; (2) "when a Supreme Court decision overturns a longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) "when a Supreme Court decision disapproves of a practice the Supreme Court arguably has sanctioned in prior cases." *Id.* (quotations and alterations omitted). We concluded because "the tools existed to challenge myriad other portions of § 924(c) as vague; they existed to support a similar challenge to its residual clause." *Id.* at \*7. The same reasoning applies in Samson's case and Samson cannot show cause to excuse his procedural default.

## 2. Prejudice

We also determined the petitioner could not overcome the procedural default of his vagueness claim because he could not show actual prejudice. *Id.* "To prevail on a cause and prejudice theory, a petitioner must show actual prejudice. Actual prejudice means more than just the possibility of prejudice; it requires that

the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quotations omitted). To show actual prejudice, we determined that a petitioner would have to show a "substantial likelihood" the jury relied solely on the Hobbs Act conspiracy conviction as the predicate for his § 924 conviction. *Id.*

Samson has failed to show a substantial likelihood his § 924(c) conviction was predicated solely on his Hobbs Act conspiracy conviction. First, the district court instructed the jury it could find Samson guilty of § 924(c) upon finding beyond a reasonable doubt that he committed at least one of the crimes of violence charged in Count 1 or Count 2 of the indictment. Second, the jury found beyond a reasonable doubt that Samson committed attempted Hobbs Act robbery, which is a qualifying crime of violence predicate under § 924(c)(3)(A). Third, the general jury verdict did not specify upon which predicate offense(s) Samson's § 924(c) conviction was based. Fourth, the conspiracy and attempt offenses were inextricably intertwined, and Samson acknowledged in his reply brief that it was not clear which evidence the jury relied on to distinguish between attempt and conspiracy for his § 924(c) verdict, effectively conceding that he cannot meet his burden that the jury relied solely on the conspiracy conviction. Samson cannot show actual prejudice.

### 3.  Actual Innocence

"The actual innocence exception to the procedural default bar is exceedingly narrow in scope as it concerns a petitioner's actual innocence rather than his legal innocence.  Actual innocence means factual innocence, not mere legal innocence." *Granda*, 2021 WL 923282 at *10 (quotations omitted).  Samson makes no argument that he is actually innocent of the offense, and he cannot show he is actually innocent of his § 924(c) offense.

Thus, because Samson cannot show cause, prejudice, or actual innocence, he cannot overcome procedural default.

### B.  Merits

In *Granda*, we determined "[t]he inextricability of the alternative predicate crimes compels the conclusion that the error Granda complains about—instructing the jury on a constitutionally invalid predicate as one [of several] potential alternative predicates—was harmless." *Id.*  The same result follows here. Samson's conspiracy to commit Hobbs Act robbery was inextricably intertwined with the other predicate offense of attempted Hobbs Act robbery.  There is little doubt that if a jury found Samson conspired to possess a firearm in furtherance of his conspiracy to commit Hobbs Act robbery, it also found that he conspired to possess a firearm in furtherance of the attempted Hobbs Act robbery.  There is no grave doubt regarding whether the inclusion of the invalid predicate had a

10

substantial influence in determining the jury's verdict. *See Davis v. Ayala*, 576 U.S. 257, 267-68 (2015) (explaining on collateral review, the harmless error standard states "relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict" (quotations omitted)). Thus, any error of instructing Samson's jury on the invalid predicate is harmless.

## III.  CONCLUSION

We conclude that Samson procedurally defaulted his claim, and alternatively, that any potential error in instructing the jury on the invalid predicate was harmless. Thus, we affirm the district court's denial of Samson's successive § 2255 motion to vacate.

**AFFIRMED.**

11