[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11277
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-62630-KAM,
0:08-cr-60309-KAM-3

RODOLFO MARTINEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2020)

Before GRANT, LUCK, and ED CARNES, Circuit Judges.

PER CURIAM:

Rodolfo Martinez, a federal prisoner, appeals the district court's denial of his

authorized successive 28 U.S.C. § 2255 motion to vacate his sentence for using,

carrying, and brandishing a firearm in furtherance of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c).  His indictment referred to two predicate offenses — conspiracy to commit Hobbs Act robbery and a drug trafficking offense.  Although the drug trafficking offense could qualify as a predicate to his § 924(c) offense, the Hobbs Act conspiracy could qualify as a predicate "crime of violence" only under § 924(c)'s residual clause, which the Supreme Court held unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319 (2019).  Because the jury returned a general verdict of guilty on his § 924(c) offense, it is uncertain which offense it found supported his § 924(c) conviction.

As a result, he argues, we should assume that the Hobbs Act conspiracy offense was the basis for the conviction and reverse his § 924(c) conviction.  But because the district court has not had the opportunity to address Martinez's argument under Davis, we instead vacate its denial of Martinez's motion and remand for it to consider in the first instance whether his conviction is unconstitutional in light of Davis.

This case has a long procedural history peppered with intervening decisions, both from the Supreme Court and from this Court.  In 2016 we granted Martinez leave to file a successive motion to vacate under § 2255 so that he could argue in the district court that his § 924(c) conviction was unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the Armed

2

Career Criminal Act's residual clause was unconstitutionally vague.  See Order, In re: Martinez, No. 16-16290 (11th Cir. Nov. 2, 2016).  The district court denied his motion, ruling that it was untimely because Johnson had not recognized (newly or otherwise) the right Martinez asserted: the right not to be sentenced under § 924(c)'s residual clause.  Relying on what was then binding circuit precedent, the court also rejected Martinez's argument that § 924(c)'s residual clause was unconstitutionally vague.  See Ovalles v. United States, 861 F.3d 1257, 1263 (11th Cir. 2017), vacated en banc 905 F.3d 1231 (11th Cir. 2018), abrogated by Davis, 139 S. Ct. 2319.  The district court also denied Martinez a certificate of appealability.

Martinez appealed and requested that we grant him a COA on the issue of "whether Johnson invalidates § 924(c)(3)(B)."  Before we ruled on his COA motion, the Supreme Court held in Davis that § 924(c)'s residual clause was unconstitutionally vague, overturning our precedent to the contrary.  139 S. Ct. at 2324–25.  We later held that Davis announced a new rule of constitutional law that was retroactive to cases, like Martinez's, on collateral review.  In re Hammoud, 931 F.3d 1032, 1036–37 (11th Cir. 2019).  We also held that conspiracy to commit Hobbs Act robbery (one of the charged predicates for Martinez's § 924(c) conviction) qualifies as a crime of violence only under § 924(c)'s now invalid residual clause.  Brown v. United States, 942 F.3d 1069, 1075–76 (11th Cir. 2019).

3

Soon afterwards, we granted Martinez's COA motion, "on the following issue only:  Whether Martinez's conviction under 18 U.S.C. § 924(c) was unconstitutional in light of the Supreme Court's holding in United States v. Davis, 139 S. Ct. 2319 (2019)."  That is where we are now.  And we exercise de novo review of that question of law.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

Because there have been several changes in the law since the district court denied Martinez's § 2255 motion, it has never had an opportunity to decide whether he is entitled to relief under Davis.  We have emphasized that it is best for the district court, in the first instance, to decide whether a § 2255 movant's Davis claim has merit.  In re Hammoud, 931 F.3d at 1040–41.  Of course, in the district court, Martinez, as the § 2255 movant bears "the burden of showing that he is actually entitled to relief on his Davis claim, meaning he [has] to show that his § 924(c) conviction resulted from application of solely the residual clause."  Id.; Beeman v. United States, 871 F.3d 1215, 1222–25 (11th Cir. 2017).

We therefore vacate the district court's denial of Martinez's § 2255 motion and remand for that court to consider in the first instance if he is entitled to relief under § 2255 in light of Davis.

**VACATED AND REMANDED.**

4